

**18-CI-005433**

***STINSON, SARAH VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO***

**JEFFERSON CIRCUIT COURT**

Filed on **09/19/2018** as **PERSONAL INJURY** with **HON. MITCH PERRY**

****** NOT AN OFFICIAL COURT RECORD ******

**Case Memo** **18-CI-005433**

*jury fee paid*

**Parties** **18-CI-005433**

**CASEY SIMPSON AGENCY** as **DEFENDANT / RESPONDENT**

**Address**

683N HIGHWAY 31 BYPASS
UNIT 2
MOUNT WASHINGTON KY 40047

**Summons**

**CIVIL SUMMONS** issued on **09/19/2018** served on **09/21/2018** by way of **PERSONAL SERVICE**

*Successful*

**STATE FARM FIRE & CASUALTY COMPANY** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

ONE STATE FARM PLAZA
BLOOMINGTON IL 61710

**Summons**

**CIVIL SUMMONS** issued on **09/19/2018** served on **09/24/2018** by way of **CERTIFIED MAIL**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

ONE STATE FARM PLAZA
BLOOMINGTON IL 61710

**Summons**

**CIVIL SUMMONS** issued on **09/19/2018** served on **09/24/2018** by way of **CERTIFIED MAIL**

**STINSON, SARAH** as **PLAINTIFF / PETITIONER**

**AGUIAR, CRAIG EDWARD** as **ATTORNEY FOR PLAINTIFF**

**Address**

SAM AGUIAR INJURY LAWYERS, PLLC
1201 STORY AVENUE, SUITE 301
LOUISVILLE KY 40206

**BANKS, DARRIN WINN** as **ATTORNEY FOR DEFENDANT**

**Address**

PORTER, BANKS, BALDWIN & SHAW, PLLC
PO DRAWER 1767
PAINTSVILLE KY 41240

**GREEN, ABIGALE RHODES** as **ATTORNEY FOR PLAINTIFF**

**Address**

ABIGALE RHODES GREEN INJURY LAW, PLLC
239 S. FIFTH STREET, SUITE 1800
LOUISVILLE KY 40202

**KLAPHEKE, DAVID T.** as **ATTORNEY FOR DEFENDANT**

**Address**

BOEHL STOPHER & GRAVES, LLP
400 WEST MARKET STREET, SUITE 2300
LOUISVILLE KY 40202

**NATALE, CHRISTINA** as **ATTORNEY FOR PLAINTIFF**

**Address**

JONES WARD PLC
1205 E WASHINGTON ST, SUITE 111
LOUISVILLE KY 40206

**WARD, JASPER D IV** as **ATTORNEY FOR PLAINTIFF**

**Address**

1205 E WASHINGTON ST
LOUISVILLE KY 40206

**Summons**

**CIVIL SUMMONS** issued on **10/02/2018** by way of **RETURNED TO ATTORNEY/PETITIONER**

**CORPORATION SERVICE COMPANY** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is STATE FARM MUTUALAUTOMOBILE INSURANCE CO

**Address**

421 WEST MAIN STREET
FRANKFORT KY 40601

**CORPORATION SERVICE COMPANY** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is STATE FARM FIRE & CASUALTY COMPANY

**Address**

421 WEST MAIN STREET
FRANKFORT KY 40601

**Documents** **18-CI-005433**

**COMPLAINT / PETITION** filed on **09/19/2018**

**EXHIBIT** filed on **09/19/2018**

**EXHIBIT** filed on **09/19/2018**

**NOTICE - OTHER** filed on **09/19/2018**

**ENTRY OF APPEARANCE** filed on **10/02/2018**
*Christina natale*

**ANSWER** filed on **10/12/2018**
*STATE FARM*

**NOTICE OF SERVICE** filed on **10/16/2018**
*OF P'S RESPONSES TO RFA*

**ENTRY OF APPEARANCE** filed on **10/17/2018**
*Abigale Rhodes Green*

**ANSWER** filed on **10/18/2018**
*CASEY SIMPSON AGENCY*

**NOTICE OF SERVICE** filed on **11/01/2018**
*OF DISCOVERY REQUESTS TO SF*

**NOTICE OF SERVICE** filed on **11/13/2018**
*OF P'S DISCOVERY RESPONSES*

**Images** **18-CI-005433**

**COMPLAINT / PETITION** filed on **09/19/2018** *Page(s): 14*

**EXHIBIT** filed on **09/19/2018** *Page(s): 1*

**EXHIBIT** filed on **09/19/2018** *Page(s): 3*

**SUMMONS** filed on **09/19/2018** *Page(s): 1*

**SUMMONS** filed on **09/19/2018** *Page(s): 1*

**SUMMONS** filed on **09/19/2018** *Page(s): 1*

**NOTICE - OTHER** filed on **09/19/2018** *Page(s): 3*

**COURTESY FINANCIAL TRANSACTION REPORT** filed on **09/19/2018** *Page(s): 1*

**SUMMONS - RETURN OF SERVICE** filed on **09/21/2018** *Page(s): 1*

**ENTRY OF APPEARANCE** filed on **10/02/2018** *Page(s): 2*

**SUMMONS** filed on **10/02/2018** *Page(s): 1*

**ANSWER** filed on **10/12/2018** *Page(s): 9*

**NOTICE OF SERVICE** filed on **10/16/2018** *Page(s): 2*

**ENTRY OF APPEARANCE** filed on **10/17/2018** *Page(s): 2*

**ANSWER** filed on **10/18/2018** *Page(s): 15*

**COURTESY FINANCIAL TRANSACTION REPORT** filed on **10/18/2018** *Page(s): 1*

**NOTICE OF SERVICE** filed on **11/01/2018** *Page(s): 2*

**NOTICE - OTHER** filed on **11/13/2018** *Page(s): 2*

****** End of Case Number : 18-CI-005433 ******

***ELECTRONICALLY FILED***

CASE NO. ____________

JEFFERSON CIRCUIT COURT
DIVISION____________
JUDGE ____________

SARAH STINSON PLAINTIFF

v.

**COMPLAINT**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
One State Farm Plaza
Bloomington, IL 61710

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

-and-

STATE FARM FIRE & CASUALTY COMPANY
One State Farm Plaza
Bloomington, IL 61710

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

-and-

CASEY SIMPSON AGENCY DEFENDANTS
683N Highway 31 Bypass
Unit 2
Mount Washington, KY 40047

*** *** *** *** *** ***

Comes the Plaintiff, Sarah Stinson, by and through counsel, and for his cause of action against the Defendants herein, states as follows:



package : 000011 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000001 of 000014

## INTRODUCTION

1. Sarah Stinson was involved in a motor vehicle crash on December 5, 2015. She was an insured with State Farm for purposes of this loss. The Defendants misrepresented the available coverage to Sarah, advising her and her counsel on multiple occasions that she was not covered by them for any underinsured motorist coverage ("UIM"). The Defendants never advised Sarah or her counsel that there was indeed UIM coverage to which she was entitled under household policies. This resulted in the claim being denied underpaid and the Defendants committing fraud, bad faith, unfair claims and settlement practices and breaching several duties to their insured, including but not limited to the duties to investigate coverage, identify the coverages, adjusting claims in good faith and with fair dealing, to cooperate with the insured, to comply with its contractual duties, to promptly and thoroughly investigate and pay claims, to fairly evaluate information they knew or should have known related to the claim, to pay all benefits due under the contract, to keep its promise to pay claims due under the coverage, to be honest and forthright in relation to the coverages available to the insured, to treat claimants fairly, to properly evaluate the claims, to obtain adequate information necessary to evaluate the claim, to treat insured's interests with equal regard as it does its own interests, to assist the insured with the claim, to disclose all coverages and benefits which apply to the claim and to pay all benefits owed to the insured under the claim. Rather than doing this, State Farm knowing denied a claim it knew it had to pay.

2. The Defendants are part of a scheme in which Scorecard Bonuses and other bonuses are paid if criteria are met. In order to meet these criteria, the Defendants

package : 000012 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000002 of 000014

have collaborated to deprive their insureds of coverage to which they are entitled and have misrepresented to their insureds what coverage they have either purchased or should be receiving in the case of a loss.

3. The Defendants have concocted a scheme in which they insure multiple vehicles with their insured, assign each vehicle a separate policy number and then withhold the existence of the available coverages when handling claims. State Farm is depriving coverage to which the claimants are entitled that are within the policies of the vehicles which were not involved in the loss.

4. The Plaintiff was entitled to coverage under multiple policies, but the Defendants willfully and knowingly failed to advise the Plaintiff and her counsel of this. Instead, they simply cited the policy of the car involved in the crash and falsely represented that there was no UIM coverage available to the Plaintiff, thus depriving the Plaintiff of tens of thousands of dollars in available coverage under other policies. Only because Plaintiff's counsel has recently discovered this deplorable pattern and practice of State Farm in other cases did he learn of the Plaintiff being deprived of this coverage for which she and her mother paid.

4. This is an action against the Defendants for violations of consumer protection laws, civil conspiracy, breach of contract, unfair claims and settlement practices, bad faith, fraudulent misrepresentation and all other relief to which the Plaintiff is entitled as a result of this deplorable pattern and practice of the Defendants which resulted in a denial of benefits to which the Plaintiff was lawfully entitled and for which he bargained with the Defendants. This action is also for the UIM benefits for which she bargained and to which she is entitled.

package : 000013 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000003 of 000014

**PARTIES**

5. Plaintiff is, and was at all times relevant herein, a resident of Louisville, Kentucky. She was an insured with State Farm for purposes of the subject crash and resultant claims.

6. The Casey Simpson Agency, at the time Sarah obtained her insured and at the time of her crash, was a Kentucky Corporation conducting business in Kentucky with it office located in Bullitt County. The Agency was responsible for issuing the policies to Sarah and her mother which were in force at the time of Sarah's crash.

7. State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("State Farm") are Illinois domiciled corporations authorized to do business in the Commonwealth of Kentucky. Their statutory home office is located at One State Farm Plaza, Bloomington, Illinois. Their registered agent for process is Corporation Service Company, whose address is 421 West Main Street, Frankfort, KY 40601. At the time of the car crash referenced herein, State Farm insured multiple vehicles affording coverage to the Plaintiff. Upon information and belief, State Farm Fire and Casualty was the named insurer on the policies and they are a subsidiary of State Farm Mutual Automobile Insurance Company.

**JURISDICTION AND VENUE**

8. The car crash giving rise to this action occurred in Louisville, Jefferson County, Kentucky, and the damages are in excess of the jurisdictional limits of this Court. Furthermore, at the time the subject insurance policies were issued, the Plaintiff and her mother resided in Louisville, Jefferson County, Kentucky and the insurance policies were negotiated with the Defendants with this knowledge.

package : 000014 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000004 of 000014

**FACTS**

9. On December 5, 2015 and at all other relevant times herein, Sarah Stinson and her mother's household vehicles were insured with State Farm.

10. State Farm collected one payment at a time for all household coverages, rather than collecting separate payments at separate times for separate policies.

11. Following the Plaintiff's car crash, claims were reported to State Farm. Letters were sent to State Farm advising them to produce all policy declarations for all policies which would potentially provide the Plaintiff with coverage. Specifically, the letter stated to **"please send this office a written acknowledgement of your handling of the claim, along with a copy of the Declarations of Coverage for all policies covering this claim."** *See Exhibit A.*

12. State Farm assigned Harry Swain to handle the UIM claim. He advised on multiple occasions the insurer's behalf that there were no available coverages for the claim. *See Exhibit B.* He did not identify any other coverages. The Casey Simpson Agency did not advise Plaintiff that any other coverages were available to her.

13. Relying upon the assertion of the Defendants, the Plaintiff proceeded to resolve her claim with the underlying tortfeasor's insurer, Geico, for the policy limits and cease efforts to obtain a UIM settlement from State Farm.

14. Recently, and only because this practice of State Farm has been identified in other recent cases, it was discovered that the Plaintiff was actually entitled to coverage from the Defendants and that there was multiple policies in the household. This coverage included UIM coverage. When Plaintiff's counsel attempted on September 18, 2018 to confirm that there were policies covering the Plaintiff, he was



package : 000015 of 000024
Presiding Judge: HON. MITCH PERRY (630267)
COM : 000005 of 000014

advised by the agency that they could not access the 2015 policies. He was then advised by a State Farm representative after a 20 minute phone call that there were no policies which could be found and that State Farm does not look for all coverages to which their insured's are entitled. At 5:15 p.m. that day, counsel received a voicemail from the original State Farm UIM adjuster, Harry Swaim, stating that he received Plaintiff's counsel's email and voicemail and that he went back and looked and somehow noticed that there were in fact multiple vehicles insured by State Farm and that Sarah may be entitled to coverage from the other policies. He also stated that the statute of limitations was about to expire and that the Plaintiff would need to file suit and proceed from there. State Farm never offered to toll the statute of limitations for Sarah, despite her being their insured and despite State Farm's own failure to identify coverages.

15. The Plaintiff, at all times relevant herein, met the definition of an insured under the relevant State Farm policies.

16. The Plaintiff, at all times relevant herein, made good faith efforts to resolve her claims with State Farm. She and her counsel tried to open a claim. She and her counsel sent settlement documentation to State Farm to allow them to evaluate the claim. She and her counsel complied with KRS 304.39-320 and they sent correspondence asking for State Farm to produce documentation for all policies affording her coverage.

17. State Farm documentation confirms that UIM is afforded to the insured under "any policy under which we insure you or any relative who resides

package : 000016 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000006 of 000014

primarily with you." Despite this, they willfully withheld these coverages from the Plaintiff and did not pay them.

18. The Defendants' assignments of vehicles to separate "policies", despite collecting premiums together in one lump fashion and despite representing that there was a single policy, were part of an effort to conceal coverages and fraudulently deny claims.

19. The Plaintiff sustained substantial damages in the crash, incurring substantial medical bills, sustaining a closed head injury and torn ligaments in her knee (as well as other severe injuries), as well as incurring loss of income, pain and suffering and other damages to which she was entitled through the State Farm coverage.

20. At all times relevant herein, the Plaintiff and her mother met their obligations under the State Farm policies and premiums were paid in a timely fashion.

21. Unfortunately, the conduct of the Defendants as described herein is not unique to this case. Instead, they have engaged in a pattern and practice of misrepresenting coverages, fraudulently denying coverage on claims where coverage was active and valid, concealing and ratifying the conduct of their agents and employees and have even forged several policy documents in order to deny the existence of coverages. The Defendants have profited immensely to the detriment of their own trusting and premium paying policyholders.

22. State Farm has prospered financially to the detriment of their insured policyholders and claimants by implementing a scheme in which claims are not opened under valid policies and coverage rejections are misrepresented as completely precluding the claimants from making claims (when in fact there are other vehicles on

package : 000017 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000007 of 000014

policies with the sought after coverage which would in fact afford coverage to the claimants). This practice results in State Farm, amongst other things, improperly denying claims, reducing or eliminating the amount of coverage available to their policyholders and claimants, misrepresenting the available coverage to policyholders and claimants and engaging in other actions which are illegal.

23. The Defendants have caused substantial financial losses to the Plaintiff.

24. State Farm is intentionally misrepresenting and fraudulently denying coverage to policyholders and claimants, including Sarah.

26. State Farm still refuses to evaluate the Plaintiff's claims under the withheld coverages, despite receiving proof of loss and documentation supporting the injuries and billing, wage losses and other compensable losses.

27. State Farm is not informing policyholders and claimants regarding their practice of withholding coverages.

28. State Farm has implemented a practice in which they will not investigate coverages of their insured or investigate available coverages under other policies. Instead, they assert that the claimant should have actually opened a distinct claim under each household vehicle policy.

29. State Farm is not informing policyholders and claimants when coverages are available to them under the active coverages for vehicles which were not involved in the accidents but which would still afford coverage for the losses.

30. The Defendants, at all times relevant herein, knew or should have known of coverages available to the Plaintiff which were not disclosed.

package : 000018 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000008 of 000014

31. The Defendants, by having knowledge of their employees' and agents' actions and acquiescing to them through their actions and inactions, demonstrated ratification of the conduct of their employees and agents. The Defendants have failed to disaffirm the aforementioned actions, the actions are beneficial to the corporation and the corporation has in fact benefitted from the conduct.

32. The Defendants have consciously, deceptively, maliciously, unfairly and oppressively misled and withheld information and used it to their financial advantage at the expense of both their policyholders and other claimants who should have been entitled to the coverage.

33. State Farm's motives are driven by profits. The insurer earned over $42 billion dollars in premiums in 2017 (representing an increase of $2.9 billion from 2016 and $5.5 billion from 2015). Additionally, State Farm somehow managed in 2017, despite their substantial increase in direct written premium, to reduce their reserves related to claim adjusting and defense costs by millions of dollars to decrease operational expenses by $525 million. Astoundingly, State Farm's net cash flows from operations increased from negative $28,000,000 in 2016 to positive $4,800,000,000 in 2017. State Farm's surplus (assets minus liabilities) increased from $85,573,897,256 in 2016 to $97,004,982,308 in 2017. Despite this enormous success, State Farm only paid out a total of $13,282 in combined dividends to their policyholders (versus $14,511 in 2016) nationwide in 2017 while simultaneously implementing substantial rate increases. In Kentucky in 2017, State Farm earned $674,389,093 in premiums while paying expenses of $427,310,825. State Farm paid a total of eighty eight dollars ($88.00) in dividends in Kentucky through this same period. State Farm's actions as alleged herein

package : 000019 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000009 of 000014

are consistent with those designed to result in immediate financial windfall to the company in a manner which would allow them to have such a dramatic change in financial position in such a short period of time. For example, just by denying the claim of Sarah Stinson and withholding multiple insurance policies and coverages, the insurer likely saved at least $50,000 (and potentially more if there is stackable coverage). State Farm flaunts that it has more than 83 million policies in effect nationwide. Even if this pattern and practice is implemented under a small fraction of these policies, the windfall to State Farm is astronomical.

**COUNT I: VIOLATION OF KENTUCKY CONSUMER PROTECTION ACT**

34. Plaintiff adopts and incorporates all preceding paragraphs herein into this Count.

35. The Kentucky Consumer Protection Act protects Kentucky's citizens from unfair, false, misleading or deceptive acts or practices in trade or commerce.

36. The Defendants engaged in conduct which was deceptive, false, misleading and unfair. They engaged in these acts in several fashions, including but not limited to selling insurance policies and then misrepresenting the contents as part of denying a claim which was valid and payable.

37. The Defendants' actions are in violation of KRS 367.220 and have caused the Plaintiff to suffer damages.

**COUNT II**
**UNFAIR CLAIMS AND SETTLEMENT PRACTICES AND BAD FAITH**

38. Plaintiff adopts and incorporates all preceding paragraphs herein into this Count.



package : 000020 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000010 of 000014

39. State Farm violated KRS 304.12-230 in several manners, including but not limited to:

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverage at issue;

b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

f. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

g. Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured;

h. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise or settlement.

40. State Farm has engaged in unfair claims and settlement practices and in bad faith. State Farm lacked a reasonable basis in law and fact for denying the coverage and knew there was no reasonable basis for denying the coverage. State Farm's conduct described herein is fraudulent, outrageous and demonstrative of a reckless indifference to the rights of others.

41. The Plaintiff is entitled to damages, including but not limited to all those applicable under common law bad faith and violations of KRS 304.12-230.





package : 000021 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000011 of 000014

COUNT III: BREACH OF CONTRACT AND FRAUDULENT MISREPRESENTATION

42. Plaintiff adopts and incorporates all preceding paragraphs herein into this Count.

43. The Defendants misrepresented the amount of coverage available to the Plaintiff.

44. The Defendants knew that these representations were false.

45. The Defendants failed to disclose to Sarah that there was indeed additional coverage available to her for the claim.

46. The Defendants made the misrepresentations and false statements with inducement to be acted upon and the Plaintiff indeed relied upon and acted upon the fraudulent misrepresentation.

47. The Defendants had a valid contract with the Plaintiff and her mother at the time of the crash. The Plaintiffs paid proper consideration in exchange for being afforded insurance coverages from State Farm. State Farm breached their contracts with the Plaintiff by denying the existence of insurance coverage and refusing to pay the coverages bargained for by the parties.

48. The Plaintiff has suffered and will continue to suffer damages as a result of Defendants' fraudulent misrepresentations and breach of contract.

COUNT IV: CIVIL CONSPIRACY

49. Plaintiff adopts and incorporates all preceding paragraphs herein into this Count.

50. The Defendants, by and through their employees and agents, engaged in a corrupt and unlawful agreement by which employees and agents were unlawfully

package : 000022 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000012 of 000014

denying claims and the withholding the existence of insurance coverage when they knew or should have known that there was indeed applicable and available coverage to which claimants were entitled. Claimants and policyholders, including the Plaintiff, are being unlawfully deceived and deprived of coverages to which they are entitled.

51. The Defendants, by and through their agents and employees, engaged in these tortious acts in concert with each other pursuant to a common design and scheme.

52. Plaintiff has suffered damages as a result of the Defendants' aforementioned conduct.

**COUNT V: UNDERINSURED MOTORIST COVERAGE BENEFITS**

53. Plaintiff adopts and incorporates all preceding paragraphs herein into this Count.

54. Plaintiff is entitled to UIM coverage from State Farm arising from the liability of the underinsured tortfeasor involved in the subject crash.

55. Plaintiff is entitled to all damages to which this coverage applies, including but not limited to those for past and future medical expenses, past and future wage losses, past and future pain and suffering, past and future mental anguish, past and future emotional distress, damages associated with the increased risk of future medical billing, treatment and associated mental anguish, incidental damages and all other damages to which Plaintiff may be entitled.

**DAMAGES COMMON TO ALL COUNTS, INCLUDING PUNITIVE DAMAGES**

56. The Plaintiff is entitled to attorney fees, the costs of pursuing this action, prejudgment interest and post-judgment interest. The Plaintiff is entitled to punitive

package : 000023 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000013 of 000014

damages pursuant to common law, KRS 304.12-230, KRS 411.184, and KRS 411.186, and all other applicable governing authorities. The Plaintiff claims all other damages to which she is lawfully entitled, including those identified previously herein for insurance coverage, as well as a declaration from this Court that the Plaintiff is entitled to this coverage under the State Farm policies. The claimed damages are in excess of the jurisdictional limits of this Court.

**WHEREFORE**, Plaintiff, by counsel, demands as follows:

1. That the Clerk of this Court issue a Summons to each Defendant.

2. Judgment against Defendants, jointly and severally, in favor of Plaintiff for claimed damages herein and all other damages to which she may be entitled.

3. Punitive Damages.

4. Pre-judgment and post-judgment interest.

5. Attorney fees and court costs;

6. Trial by jury; and

7. Any and all just and proper relief to which Plaintiff may appear entitled from the Defendants, including the right to amend this Complaint.

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

*/s/ Sam Aguiar*
Sam Aguiar
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Phone: (502) 813-8900
Fax: (502) 491-3946
sam@kylawoffice.com
*Counsel for Plaintiff*

package : 000024 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

COM : 000014 of 000014

Filed 18-CI-005433 09/19/2018 David L. Nicholson, Jefferson Circuit Clerk

2513575Y00 P.01/01

TRANSACTION REPORT

EXHIBIT A

DEC/10/2015/THU 04:05 PM

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|---|---|---|---|---|---|---|---|
| 001 | DEC/10 | 04:04PM | 18556660964 | 0:01:02 | 4 | MEMORY OK | SG3 | 9441 |

package : 000010 of 000024




SAM AGUIAR
LICENSED IN KENTUCKY AND TENNESSEE
RANDY L. BAYERS
LICENSED IN KENTUCKY AND INDIANA
TERRY GOODSPEED
LICENSED IN KENTUCKY AND INDIANA
JONATHAN B HOLLAN
LICENSED IN KENTUCKY
DAVID COWLEY
LICENSED IN KENTUCKY

December 9, 2015

**VIA FACSIMILE: (855) 666-0964**

State Farm Insurance
Attn: Express Team, Claim 17778G995
PO Box 52250
Phoenix, AZ 85072

**PIP LETTER OF REPRESENTATION**

**Re: My Client: Sarah Stinson**
**Claim #: 17778G995**
**DOA: December 5, 2015**

Dear Express Team:

Please be advised that this office represents the above-named client for injuries arising out of the above-referenced claim. Enclosed is an executed Application for Kentucky "No Fault" Benefits for each client. Within THREE days, please send this office a written acknowledgement of your handling of the claim, along with a copy of the Declarations of Coverage for all policies covering this claim.

If there is a deductible for PIP benefits, please apply medical billing towards the deductible. Lost wages and/or prescriptions should not be used to meet the deductible and should be paid as soon as the deductible has been met. At this time, please reserve $2,000 in benefits for lost wages. Please **REFRAIN FROM PAYING THE EMERGENCY ROOM BILL RELATIVE TO THIS CLAIM IF IT EXCEEDS $3,000** until advised otherwise, but proceed with paying providers other billing which you receive. Do not pay any health insurance subrogation or liens, including any subrogation or liens from Medicaid or Medicare, without our permission and direction. In addition, please provide this office with a copy of your PIP ledger once every month, whether or not payments are processed. These PIP Ledgers should be emailed to Demetria@kylawoffice.com and faxed to 502-491-3946. Additionally, as a precaution, please assign a UIM adjuster to this claim and contact our office with his/her contact information.

Presiding Judge: HON. MITCH PERRY (630267)

EXH : 000001 of 000001

Filed 18-CI-005433 09/19/2018 David L. Nicholson, Jefferson Circuit Clerk

Should it be the position of your office that further information (to specifically include a statement from the client) is needed (other than medical billing and wage documentation) before my client's bills, wages and prescriptions can be processed for payment, please provide this

EXHIBIT B

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

StateFarm®

package : 000007 of 000024

April 13, 2016

Aguiar Injury Lawyers
1201 Story Ave Ste 301
Louisville KY 40206-1762

**State Farm Claims**
PO Box 106171
Atlanta, GA 30348-6171

RE: Claim Number: 17-778G-995
Date of Loss: December 05, 2015
Our Insured: Jennifer Spray
Claimant Name: Harry Slaten
Policy Number: 233221617A
Your Client: Sarah Stinson

Dear Cynthia Staab:

We are in receipt of your timed demand dated 3/31/16 and received on 4/1/16.

Unfortunately, the policy on the vehicle your client was driving does not carry underinsured motor vehicle coverage. This is an optional coverage so a selection/rejection form is not required to be executed. We were unable to locate any household policies that were active at the time of the loss. We are unable to make an offer due to no underinsured motorist coverage on the policy.

Please call me if you have any questions.

Sincerely,

Harry Swaim
Claim Specialist
(615) 692-3517
Fax: (855) 820-6318

State Farm Fire and Casualty Company

Presiding Judge: HON. MITCH PERRY (630267)

EXH : 000001 of 000003

StateFarm

## Certified Policy Record

I, the undersigned, do hereby confirm that I am custodian of the records pertaining to the issuance of policies by State Farm Fire and Casualty Company.

I certify that the attached documents represent a true and accurate record of the terms and conditions of Policy Number 233 2216-F10-17A including any endorsements, if applicable, for the policy term(s) June 10, 2015 to December 10, 2015 and insuring Jennifer Spray & Sarah Stinson of 4029 Fayette Ave, Louisville, KY 40213-1753 based on available records.

It is State Farm's business practice to print a new Declarations Page only when a policy issuance transaction such as a change of coverage occurs. Therefore, the included Declarations Page which was in effect at the time of loss will indicate the policy period of the last policy issuance transaction.

The policy was in effect on the loss date of December 05, 2015.

Denny O'Donald
Denny O'Donald
Underwriting Team Manager
Date: 4/4/2016

package : 000008 of 000024

EXH : 000002 of 000003 Presiding Judge: HON. MITCH PERRY (630267)

1004518 2000 143651 200 03-21-2012

Filed 18-CI-005433 09/19/2018 David L. Nicholson, Jefferson Circuit Clerk

State Farm Fire and Casualty Company
2500 Memorial Boulevard
Murfreesboro TN 37131

57207-5-B FIRE OVL

**DECLARATIONS PAGE**

NAMED INSURED
AT2 17-2414-55FB A
000732 0058
SPRAY, JENNIFER
& STINSON, SARAH
4029 FAYETTE AVE
LOUISVILLE KY 40313-1753

POLICY NUMBER 233 2216-F10-17A
POLICY PERIOD SEP 15 2014 to DEC 10 2014
12:01 A.M. Standard Time

STATE FARM PAYMENT PLAN NUMBER
1190574911

AGENT
CASEY SIMPSON
10731 HIGHWAY 44 E STE G
MT WASHINGTON, KY 40047-7696

PHONE: (502)538-3376

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSED.**

YOUR CAR

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID NUMBER | CLASS |
|---|---|---|---|---|---|
| 2000 | CHEVROLET | PRIZM | 4DR | 1Y1SK5284YZ432211 | 5030111304 |

| SYMBOLS | COVERAGES & LIMITS | PREMIUM |
|---|---|---|
| | Bodily Injury Limits | |
| | $25,000 $50,000 | |
| | Each Accident | |
| P10 | No-Fault Coverage | $54.72 |

IMPORTANT MESSAGES

Replaced policy number 2332216-17.

New Policy Form

**Your total renewal premium for JUN 10 2014 to DEC 10 2014 is $528.36.**

Premium includes Kentucky Municipal Tax/Fee, $13.33 LOUISVILLE and $4.17 for Kentucky surcharge.

EXCEPTIONS POLICY BOOKLET & ENDORSEMENTS (See policy booklet & endorsements for details.)

YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET - FORM 9817A, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU WITH ANY SUBSEQUENT RENEWAL NOTICE.
6917A AMENDATORY ENDORSEMENT.

Agent: CASEY SIMPSON
Telephone: (502)538-3376
Prepared SEP 25 2014 2414-B9E

See Reverse Side

01528/00689
Filed 18-CI-005433 09/19/2018 David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. MITCH PERRY (630267) package : 000009 of 000024 EXH : 000003 of 000003

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1



# CIVIL SUMMONS

Case #: **18-CI-005433**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **STINSON, SARAH VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO,** *Defendant*

TO: **CASEY SIMPSON AGENCY**
**683N HIGHWAY 31 BYPASS**
**UNIT 2**
**MOUNT WASHINGTON, KY 40047**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **09/19/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______ ______________________________
Served By

______________________________
Title

Summons ID: @00000881915 ,
CIRCUIT: 18-CI-005433 Sheriff Service
STINSON, SARAH VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO








package : 000003 of 000024
Presiding Judge: HON. MITCH PERRY (630267)
CI : 000001 of 000001

Bullitt County Sheriff's Office
DONNIE TINNELL • SHERIFF
P.O. Box 205 - 300 S. Buckman St. - Shepherdsville, KY 40165
Phone 502-543-2514 - Fax 543-2710

9/19/18

Re: Civil Summons

Casey Simpson Agency

683N Highway 31 Bypass Unit 2
MOUNT WASHINGTON, KY 40047

Dear Casey Simpson Agency

Today, we have received the Court Paper indicated above, that the Court Clerk's Office has asked us to serve to you. If you would like to pick the Paper up in our office, we will hold it in our office 5 business days. If you have not picked the summons up within this time frame, one of our Deputies will attempt service at the address listed above.

If you can pick up the Paper in our office, this will help in 2 ways.
First, it will save you the burden of a Deputy coming by your home.
Second, if you pick up this paper in our office, this will free up Deputies to better help service our community.

If you should have any questions, please feel free to contact our office.
Our office phone number is 502-543-2514.
Our office hours are Monday through Friday 8 a.m. to 4 p.m.
Thank you in advance for doing your part in making our community a little safer.

Sincerely,
Donnie Tinnell

Bullitt County Sheriff

Note: **Please bring this letter with you when you come to the office.**

***ELECTRONICALLY FILED***

CASE NO. ______________

JEFFERSON CIRCUIT COURT
DIVISION__________________
JUDGE _____________________

SARAH STINSON PLAINTIFF

v. **PLAINTIFF'S NOTICE OF ELECTION OF ELECTRONIC SERVICE**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
One State Farm Plaza
Bloomington, IL 61710

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

-and-

STATE FARM FIRE & CASUALTY COMPANY
One State Farm Plaza
Bloomington, IL 61710

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

-and-

CASEY SIMPSON AGENCY
683N Highway 31 Bypass
Unit 2
Mount Washington, KY 40047

DEFENDANTS

*** *** *** *** *** ***

Comes the Plaintiff, by counsel, pursuant to CR 5.02(2), and hereby gives notice that counsel for Plaintiff elect to effectuate and receive service of documents via electronic means. The undersigned counsel agrees to accept electronic service at the following addresses:

package : 000004 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

NO : 000001 of 000003

sam@kylawoffice.com
pleadings@kylawoffice.com

Pursuant to CR 5.02(2), all Parties are requested to promptly provide counsel for Plaintiffs with an electronic address at which they may be served with documents via electronic means.

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

*/s/ Sam Aguiar*

Sam Aguiar
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Phone: (502) 813-8900
Fax: (502) 491-3946
sam@kylawoffice.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Notice of Election of Electronic Service was electronically filed with the Complaint and Summons in this action and a request made of the Circuit Clerk that the Notice be served with the Complaint and Summons upon the following:

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
One State Farm Plaza
Bloomington, IL 61710

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

-and-



package : 000005 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

NO : 000002 of 000003

STATE FARM FIRE & CASUALTY COMPANY
One State Farm Plaza
Bloomington, IL 61710

Serve: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

-and-

CASEY SIMPSON AGENCY
683N Highway 31 Bypass
Unit 2
Mount Washington, KY 40047

*/s/ Sam Aguiar*
*Counsel for Plaintiff*

package : 000006 of 000024

Presiding Judge: HON. MITCH PERRY (630267)

NO : 000003 of 000003

NOT ORIGINAL DOCUMENT
10/12/2018 03:10:37 PM
65730-14

CASE NO. 18-CI-5433

JEFFERSON CIRCUIT COURT
DIVISION III
JUDGE PERRY

***ELECTRONICALLY FILED***

SARAH STINSON, PLAINTIFF

v.

**ENTRY OF APPEARANCE OF COUNSEL**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPA
STATE FARM FIRE & CASUALTY COMPANY, and CASEY
SIMPSON AGENCY DEFENDANTS

* * * * *

Please take notice that the undersigned hereby enter their appearances in this matter as co-counsel of record for Plaintiff Sarah Stinson ("Plaintiff"). Any and all pleadings and papers served or filed in the above-captioned matter should be served upon Jasper D. Ward, and Christina T. Natale at Jones Ward PLC in addition to all prior counsel of record in this matter.

Respectfully submitted,

*s/ Jasper D. Ward IV*
Jasper D. Ward IV
Christina T. Natale
JONES WARD PLC
1205 E. Washington St., Suite 111
Louisville, KY 40206
jasper@jonesward.com
christina@jonesward.com
*Co-Counsel for Plaintiff Sarah Stinson*

EA : 000001 of 000002

NOT ORIGINAL DOCUMENT
10/12/2018 03:10:37 PM
65730-14

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October 2018, a true and correct copy of the foregoing document was filed with the Court through the e-Filing system, and will be sent electronically to all registered participants who have entered appearances in this case to receive Notice of Electronic Filing, and all other counsel of record via courtesy email.

*s/ Christina T. Natale*
Christina T. Natale

EA : 000002 of 000002

NO. 18-CI-005433

JEFFERSON CIRCUIT COURT
DIVISION 3
JUDGE MITCH PERRY

*ELECTRONICALLY FILED*

SARAH STINSON PLAINTIFF

V.

**DEFENDANT STATE FARM'S ANSWER TO PLAINTIFF'S COMPLAINT**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE & CASUALTY COMPANY; CASEY SIMPSON AGENCY DEFENDANTS

* * * * *

Comes the defendant, State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company (collectively "State Farm"), by counsel, and for their Answer to Plaintiff's Complaint, states as follows:

**FIRST DEFENSE**

1. State Farm denies each and every allegation, matter and thing contained in Plaintiff's Complaint except as hereinafter admitted, qualified or otherwise stated.

2. With respect to the allegations contained in Paragraph 1 of Plaintiff's Complaint, State Farm admits that Plaintiff was involved in a motor vehicle accident on December 5, 2015 while operating a 2000 Chevy Prizm which State Farm insured and that the policy covering the involved vehicle did not carry underinsured motorist ("UIM") coverage, states that it is still investigating whether Plaintiff is entitled to UIM coverage under any other State Farm automobile insurance policy in effect on the date of loss, and denies the remainder of the allegations contained in Paragraph 1.

6C3E392B-BA13-4F17-83E6-6EBA08082DD1 : 000001 of 000009

ANS : 000001 of 000009

3. State Farm denies the allegations contained in Paragraphs 2 and 3 of Plaintiff's Complaint.

4. With respect to the allegations contained in Paragraph 4 of Plaintiff's Complaint, State Farm admits that Plaintiff was involved in a motor vehicle accident on December 5, 2015 while operating a 2000 Chevy Prizm which State Farm insured and that the policy covering the involved vehicle did not carry underinsured motorist ("UIM") coverage, states that it is still investigating whether Plaintiff is entitled to UIM coverage under any other State Farm automobile insurance policy in effect on the date of loss, and denies the remainder of the allegations contained in Paragraph 4.

5. State Farm denies the allegations contained in the next Paragraph 4 [sic] of Plaintiff's Complaint.

6. State Farm states it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 5 and 6 of Plaintiff's Complaint, and therefore denies the same.

7. With respect to the allegations contained in Paragraph 7 of Plaintiff's Complaint, State Farm admits that the identified State Farm companies are Illinois corporations registered to do business in the Commonwealth of Kentucky and that State Farm insured the 2000 Chevy Prizm involved in the accident, states that it is still investigating whether Plaintiff is entitled to UIM coverage under any other State Farm automobile insurance policy in effect on the date of loss, and denies the remainder of the allegations contained in Paragraph 7.

8. With respect to the allegations contained in Paragraph 8 of Plaintiff's Complaint, State Farm admits that the motor vehicle accident in question occurred in Louisville, Kentucky,

6C3E392B-BA13-4F17-83E6-6EBA08082DD1 : 000002 of 000009

ANS : 000002 of 000009

but states that it is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 8, and therefore denies the same.

9. With respect to the allegations contained in Paragraph 9 of Plaintiff's Complaint, State Farm admits that Plaintiff was involved in a motor vehicle accident on December 5, 2015 while operating a 2000 Chevy Prizm which State Farm insured and states that it is still investigating whether Plaintiff is entitled to UIM coverage under any other State Farm automobile insurance policy in effect on the date of loss.

10. State Farm denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. With respect to the allegations contained in Paragraphs 11 and 12 of Plaintiff's Complaint, State Farm states that the communications exchanged between State Farm claims and Plaintiff speak for themselves and denies any allegations inconsistent with said communications, and states that it is without knowledge or information sufficient to form a belief as to any communications between the Plaintiff and the Casey Simpson Agency and therefore denies the same.

12. With respect to the allegations contained in Paragraph 13 of Plaintiff's Complaint, State Farm admits that Plaintiff advised that she settled her bodily injury claim with the underlying tortfeasor's insurer for the available liability policy limits, but states it is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 13, and therefore denies the same.

13. With respect to the allegations which contained in Paragraph 14 of Plaintiff's Complaint, State Farm states that it is still investigating whether Plaintiff is entitled to UIM benefits under other State Farm automobile insurance policies in effect on the date of loss, states that the

6C3E392B-BA13-4F17-83E6-6EBA08082DD1 : 000003 of 000009

ANS : 000003 of 000009

communications between Plaintiff and State Farm claims speak for themselves and denies any allegations inconsistent with said communications, and states that it is without knowledge or information sufficient to form a belief as to any communications Plaintiff had with the independent State Farm agent, and therefore denies the same.

14. State Farm states it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

15. With respect to the allegations contained in Paragraph 16 of Plaintiff's Complaint, State Farm admits that Plaintiff and her attorney presented a UIM claim with supporting documentation and requested information regarding available coverages, but states it is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 16, and therefore denies the same.

16. With respect to the allegations contained in Paragraph 17 of Plaintiff's Complaint, State Farm states that the terms and provisions of State Farm's automobile insurance policies speak for themselves and denies any allegations inconsistent with said terms and provisions, and denies the remainder of the allegations contained in Paragraph 17.

17. State Farm denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

18. State Farm states it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 19 and 20 of Plaintiff's Complaint, and therefore denies the same.

19. State Farm denies the allegations contained in Paragraphs 21, 22, 23, 24, 26 [sic], 27, 28, 29, 30, 31, 32, and 33 of Plaintiff's Complaint.

6C3E392B-BA13-4F17-83E6-6EBA08082DD1 : 000004 of 000009

ANS : 000004 of 000009

20. With respect to the allegations contained in Paragraph 34 of Plaintiff's Complaint, reaffirming and realleging the preceding allegations, State Farm incorporates by reference and restates as if fully stated herein its responses to said preceding allegations.

21. With respect to the allegations contained in Paragraph 35 of Plaintiff's Complaint, State Farm states that the terms and provisions of Kentucky's Consumer Protection Act speak for themselves and denies any allegations inconsistent with said terms and provisions.

22. State Farm denies the allegations contained in Paragraphs 36 and 37 of Plaintiff's Complaint.

23. With respect to the allegations contained in Paragraph 38 of Plaintiff's Complaint, reaffirming and realleging the preceding allegations, State Farm incorporates by reference and restates as if fully stated herein its responses to said preceding allegations.

24. With respect to the allegations contained in Paragraph 39 of Plaintiff's Complaint, State Farm states that the terms and provisions of KRS 304.12-230 speak for themselves and denies any allegations inconsistent with said terms and provisions.

25. State Farm denies the allegations contained in Paragraphs 40 and 41 of Plaintiff's Complaint.

26. With respect to the allegations contained in Paragraph 42 of Plaintiff's Complaint, reaffirming and realleging the preceding allegations, State Farm incorporates by reference and restates as if fully stated herein its responses to said preceding allegations.

27. State Farm denies the allegations contained in Paragraphs 43, 44, 45 and 46 of Plaintiff's Complaint.

28. With respect to the allegations contained in Paragraph 47 of Plaintiff's Complaint, State Farm admits that Plaintiff was insured under at least one automobile insurance policy with

6C3E392B-BA13-4F17-83E6-6EBA08082DD1 : 000005 of 000009

ANS : 000005 of 000009

State Farm on the date of loss, but denies the remainder of the allegations contained in Paragraph 47.

29. State Farm denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

30. With respect to the allegations contained in Paragraph 49 of Plaintiff's Complaint, reaffirming and realleging the preceding allegations, State Farm incorporates by reference and restates as if fully stated herein its responses to said preceding allegations.

31. State Farm denies the allegations contained in Paragraphs 50, 51 and 52 of Plaintiff's Complaint.

32. With respect to the allegations contained in Paragraph 53 of Plaintiff's Complaint, reaffirming and realleging the preceding allegations, State Farm incorporates by reference and restates as if fully stated herein its responses to said preceding allegations.

33. State Farm states it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 54 and 55 of Plaintiff's Complaint, and therefore denies the same.

34. State Farm denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

## SECOND DEFENSE

35. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

36. State Farm handled this claim in good faith in accordance with its policy provisions and applicable Kentucky law.

6C3E392B-BA13-4F17-83E6-6EBA08082DD1 : 000006 of 000009

ANS : 000006 of 000009

**FOURTH DEFENSE**

37. Plaintiff's Complaint may be barred, in whole or in part, by the negligence of Plaintiff or others for whom State Farm is not liable.

**FIFTH DEFENSE**

38. Plaintiff's Complaint may be barred, in whole or in part, by Kentucky law including the Motor Vehicle Reparations Act, KRS 304.39-010 *et seq*., and the terms of her automobile insurance policies with State Farm.

**SIXTH DEFENSE**

39. The conduct of State Farm (or any agents or employees thereof) does not warrant imposition of punitive damages pursuant to KRS 411.184(2) and (3), KRS 411.186 and any applicable Kentucky law.

**SEVENTH DEFENSE**

40. Plaintiff's claim for punitive damages is in violation of and is barred by the Fifth and Fourteenth Amendment to the United States Constitution.

**EIGHTH DEFENSE**

41. Plaintiff's claim for punitive damages is in violation of and is barred by the prohibition of *ex post facto* laws contained within §10, ¶1 of Article I of the United States Constitution.

**NINTH DEFENSE**

42. Plaintiff's claim for punitive damages is in violation of and is barred by the prohibitions against excessive fines and cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution.

WHEREFORE, Defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company, by counsel, prays for judgment dismissing Plaintiff's

6C3E392B-BA13-4F17-83E6-6EBA08082DD1 : 000007 of 000009

ANS : 000007 of 000009

Complaint with prejudice, together with its reasonable costs and disbursements, trial by jury, and any other equitable relief to which it may be entitled.

BOEHL STOPHER & GRAVES, LLP

/s/ David T. Klapheke
David T. Klapheke
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
dklapheke@bsg-law.com
COUNSEL FOR DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE & CASUALTY COMPANY

6C3E392B-BA13-4F17-83E6-6EBA08082DD1 : 000008 of 000009

ANS : 000008 of 000009

6C3E392B-BA13-4F17-83E6-6EBA08082DD1 : 000009 of 000009

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was filed with the above court electronically via the Kentucky CourtNet 2.0 E-filing system, on the 12th day of October, 2018. Electronic filers will receive service by CourtNet. A copy will be mailed and/or emailed to current non-filers.

Sam Aguiar
Sam Aguiar Injury Lawyers, PLLC
1201 Story Avenue, Suite 301
Louisville, KY 40206
COUNSEL FOR PLAINTIFF

Casey Simpson Agency
683 N. Highway 31 Bypass, Unit 2
Mount Washington, KY 40047
DEFENDANT

/s/ David T. Klapheke
David T. Klapheke

ANS : 000009 of 000009

NO. 18-CI-005433

JEFFERSON CIRCUIT COURT
DIVISION 3
JUDGE MITCH PERRY

SARAH STINSON PLAINTIFF

V.

**DEFENDANT STATE FARM'S FIRST SET OF REQUEST FOR ADMISSIONS TO PLAINTIFF**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY; CASEY SIMPSON AGENCY DEFENDANTS

* * * * *

Come the defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm"), by counsel, and pursuant to CR 36, submits the following Requests for Admission to Plaintiff. These requests must be admitted or denied in writing and under oath in accordance with CR 36. Each request will be deemed admitted unless, within thirty days after service, you deny or object to the request.

**REQUEST NO. 1:** Admit that plaintiff's claims for all damages asserted in this action including, but not limited to, compensatory and consequential damages, punitive damages, and attorney fees, exclusive of interest and costs, do not exceed $75,000.

**ADMIT/DENY:**

**REQUEST NO. 2:** Admit that at no time during the pendency of this action will plaintiff make a claim for damages including, but not limited to, compensatory and consequential damages, punitive damages, and attorney fees, exclusive of interest and costs, in excess of $75,000.

**ADMIT/DENY:**

BOEHL STOPHER & GRAVES, LLP

/s/ David T. Klapheke
David T. Klapheke
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
dklapheke@bsg-law.com
COUNSEL FOR DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was sent via email on the 15th day of October, 2018 to the following:

Sam Aguiar
Sam Aguiar Injury Lawyers, PLLC
1201 Story Avenue, Suite 301
Louisville, KY 40206
COUNSEL FOR PLAINTIFF

Darrin W. Banks
Porter, Banks, Baldwin & Shaw, PLLC
327 Main Street
P.O Drawer 1767
Paintsville, KY 41240
COUNSEL FOR DEFENDANT, CASEY SIMPSON AGENCY

/s/ David T. Klapheke
David T. Klapheke

***ELECTRONICALLY FILED***

CASE NO. 18-CI-005433

JEFFERSON CIRCUIT COURT
DIVISION THREE(3)
JUDGE MITCH PERRY

SARAH STINSON PLAINTIFF

v.

**PLAINTIFF'S NOTICE OF SERVICE**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al. DEFENDANTS

*** *** *** *** *** ***

Comes the Plaintiff, by counsel, and hereby gives notice that Plaintiff's Responses to Defendant State Farm's First Set of Requests for Admissions were served upon all counsel of record on this, the 16th day of October, 2018.

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

*/s/ Sam Aguiar*
Sam Aguiar
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Phone: (502) 813-8900
Fax: (502) 491-3946
sam@kylawoffice.com

-and-

Jasper D. Ward IV
Christina T. Natale
Jones Ward PLC
1205 E. Washington Street, Suite 111
Louisville, Kentucky 40206
jasper@jonesward.com
christina@jonesward.com

*Co-Counsel for Plaintiff*

0B1FC6C8-23B4-4A7F-AFF3-ED9B61496088 : 000001 of 000002

SON : 000001 of 000002

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was electronically filed with the Jefferson Circuit Court and was served via electronic mail and/or U.S. first-class mail, postage prepaid, on this, the 16th day of October, 2018 upon the following:

David T. Klapheke
Boehl Stopher & Graves, LLP
400 West Markets Street, Suite 2300
Louisville, Kentucky 40202
dklapheke@bsg-law.com
*Counsel for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

Darrin W. Banks
Porter, Banks, Baldwin & Shaw, PLLC
327 Main Street
PO Drawer 1767
Paintsville, Kentucky 41240
*Counsel for Defendant, Casey Simpson Agency*

*/s/ Sam Aguiar*
*Counsel for Plaintiff*

0B1FC6C8-23B4-4A7F-AFF3-ED9B61496088 : 000002 of 000002

SON : 000002 of 000002

CASE NO. 18-CI-005433

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)
JUDGE MITCH PERRY

SARAH STINSON PLAINTIFF

v.

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al. DEFENDANTS

*** *** *** *** *** ***

Comes the Plaintiff, Sarah Stinson, by and through counsel, and for her Responses to Defendant State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's First Set of Requests for Admissions hereby states as follows:

**REQUESTS FOR ADMISSIONS**

1. Admit that Plaintiff's claims for all damages asserted in this action including, but not limited to, compensatory and consequential damages, punitive damages, and attorney fees, exclusive of interest and costs, do not exceed $75,000.

**RESPONSE: DENY**

2. Admit that at no time during the pendency of this action will Plaintiff make a claim for damages including, but not limited to, compensatory and consequential damages, punitive damages, and attorney fees, exclusive of interest and costs, in excess of $75,000.

**RESPONSE: DENY**

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

/s/ Sam Aguiar
Sam Aguiar
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Phone: (502) 813-8900
Fax: (502) 491-3946
sam@kylawoffice.com

-and-

Jasper D. Ward IV
Christina T. Natale
Jones Ward PLC
1205 E. Washington Street, Suite 111
Louisville, Kentucky 40206
jasper@jonesward.com
christina@jonesward.com

*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served via electronic mail and/or U.S. first-class mail, postage prepaid, on this, the 16th day of October, 2018 upon the following:

David T. Klapheke
Boehl Stopher & Graves, LLP
400 West Markets Street, Suite 2300
Louisville, Kentucky 40202
dklapheke@bsg-law.com
*Counsel for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

Darrin W. Banks
Porter, Banks, Baldwin & Shaw, PLLC
327 Main Street
PO Drawer 1767
Paintsville, Kentucky 41240
*Counsel for Defendant, Casey Simpson Agency*

*/s/ Sam Aguiar*
*Counsel for Plaintiff*

NO. 18-CI-5433

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)
JUDGE PERRY

SARAH STINSON PLAINTIFF

v.

**NOTICE OF ENTRY OF APPEARANCE**
***Electronically Filed***

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.* DEFENDANTS

** ** ** ** ** **

Comes now the undersigned, Abigale Rhodes Green of the firm ABIGALE RHODES GREEN INJURY LAW, PLLC, and enters her appearance as co-counsel of record for Plaintiff, Sarah Stinson. Sam Aguiar of SAM AGUIAR INJURY LAWYERS, PLLC and Jasper Ward and Christina Natale of JONES WARD PLC will remain as counsel for Plaintiff. The clerk and the parties are requested to direct all pleadings and correspondence to Abigale Rhodes Green.

Respectfully submitted,

/s/Abigale Rhodes Green
Abigale Rhodes Green
ABIGALE RHODES GREEN INJURY LAW, PLLC
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
p: (502) 736-8159
f: (502) 736-8150
agreen@arglawfirm.com

44EA2E7F-FEE3-4333-9498-10BC72157E99 : 000001 of 000002

EA : 000001 of 000002

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the KYeCourts CourtNet 2.0 system. The following were served via electronic means in accordance with Rule 5.02(2) and/or the KYeCourts CourtNet 2.0 system:

David T. Klapheke
Boehl Stopher & Graves, LLP
400 West Market Street, Suite 2300
Louisville, KY 40202
*Counsel for Defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company*

Casey Simpson Agency
683 N. Highway 31 Bypass, Unit 2
Mount Washington, KY 40047
*Defendant*

/s/ Abigale Rhodes Green
*Counsel for Plaintiff*

44EA2E7F-FEE3-4333-9498-10BC72157E99 : 000002 of 000002

EA : 000002 of 000002

**COMMONWEALTH OF KENTUCKY**
**JEFFERSON CIRCUIT COURT**
**DIVISION NO. III**
**CIVIL ACTION NO. 18-CI-05433**
****ELECTRONICALLY FILED****

**SARAH STINSON** **PLAINTIFF**

**-vs-**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

**AND**

**STATE FARM FIRE & CASUALTY COMPANY**

**AND**

**CASEY SIMPSON AGENCY** **DEFENDANTS**

---

**ANSWER OF CASEY SIMPSON AGENCY**

---

Comes now the Defendant, CASEY SIMPSON AGENCY (hereinafter, "this Defendant"), by and through counsel, and for its Answer to the Plaintiff's Complaint and herein states as follows:

**FIRST DEFENSE**

That the Plaintiff's cause of action fails to state a claim for relief against this Defendant for which this Court can grant relief under applicable Kentucky law.

**SECOND DEFENSE**

That the Plaintiff's Complaint may be barred by reason of the Plaintiff's failure to mitigate damages, upon which this Defendant relies as a complete and affirmative defense to the extent applicable.



D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000001 of 000016

ANS : 000001 of 000015

**THIRD DEFENSE**

That this Defendant relies upon the applicable terms and provisions of the Kentucky Motor Vehicle Reparations Act, K.R.S. 304.39 et seq., and the Kentucky Underinsured Motorist Statute, K.R.S. 304.39-320, as complete and affirmative defenses to the Plaintiff's Complaint.

**FOURTH DEFENSE**

That this answering Defendant expressly denies that it has committed or acted in bad faith and affirmatively states that at all times, to the extent required, it has acted in good faith toward the Plaintiff and this good faith is a total bar to this action.

**FIFTH DEFENSE**

That this answering Defendant states that there were and are fairly debatable issues of fact and/or opinion and/or law which have resulted in legitimate difference of opinion between the parties and which prevented the conclusion of the claim and prevent the maintenance of an action against this Defendant for damages, attorney fees, statutory interest and\or punitive damages.

**SIXTH DEFENSE**

That this answering Defendant relies upon each and every affirmative defense contained in Kentucky Rule of Civil Procedure 8.03, as if set out at length herein and found applicable to this claim by the facts as revealed in discovery.

**SEVENTH DEFENSE**

That this Defendant raises as an affirmative defense those terms and conditions of the policy of insurance issued by the Co-Defendants, including all of those certain provisions, exclusions, limits of liability, and provisions, some or all of which may bar or limit recovery; and that the Defendant relies upon such provisions, exclusions, limits of liability, and/or other

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000002 of 000016

ANS : 000002 of 000015

exclusions in its policy of insurance, if any, as a complete and/or partial bar to the bringing of the civil action and to recovery under policy of insurance.

**EIGHTH DEFENSE**

That as an affirmative defense this Defendant relies upon the lack of privity or contractual relationship between the Plaintiff and this Defendant, which precludes recovery hereunder.

**NINTH DEFENSE**

1. That this Defendant denies the allegations of numerical paragraph 1 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations of numerical 1 to the extent it states that the Plaintiff was involved in a motor vehicle crash on December 5, 2017 for which the Plaintiff qualified as an insured of State Farm for purposes of underinsured motorist coverage and therefore denies same. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 1 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

2. That this Defendant denies the allegations of numerical paragraph 2 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 2 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

3. That this Defendant denies the allegations of numerical paragraph 3 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000003 of 000016

ANS : 000003 of 000015

lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 3 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

4. That this Defendant denies the allegations of numerical paragraph 4 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 4 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

5. That this Defendant denies the allegations of the second numerical paragraph 4 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in the second numerical paragraph 4 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

6. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 5 of the Plaintiff's Complaint and therefore denies same.

7. That this answering Defendant admits the allegations contained in numerical paragraph 6 of the Plaintiff's Complaint to the extent it states that this Defendant operated as a Kentucky corporation at times in the past under the name Casey Simpson Insurance Agency, Inc. This Defendant denies the remaining allegations of numerical paragraph 6 of the Plaintiff's Complaint.

8. That this answering Defendant admits the allegations of numerical paragraph 7 of the Plaintiff's Complaint to the extent it states that the Co-Defendants, State Farm Mutual

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000004 of 000016

ANS : 000004 of 000015

Automobile Insurance Company and State Farm Fire & Casualty Company, are authorized to do business in Kentucky. This Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in numerical paragraph 7 of the Plaintiff's Complaint and therefore denies same.

9. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 8 of the Plaintiff's Complaint and therefore denies same.

10. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 9 of the Plaintiff's Complaint and therefore denies same.

11. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 10 of the Plaintiff's Complaint and therefore denies same.

12. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 11 of the Plaintiff's Complaint and therefore denies same.

13. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 12 of the Plaintiff's Complaint and therefore denies same.

14. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 13 of the Plaintiff's Complaint and therefore denies same.

15. That this Defendant denies the allegations of numerical paragraph 14 of the

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000005 of 000016

ANS : 000005 of 000015

Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 14 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

16. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 15 of the Plaintiff's Complaint and therefore denies same.

17. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 16 of the Plaintiff's Complaint and therefore denies same.

18. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 17 of the Plaintiff's Complaint and therefore denies same.

19. That this Defendant denies the allegations of numerical paragraph 18 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 18 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

20. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 19 of the Plaintiff's Complaint and therefore denies same.

21. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 20 of the Plaintiff's Complaint

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000006 of 000016

ANS : 000006 of 000015

and therefore denies same.

22. That this Defendant denies the allegations of numerical paragraph 21 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 21 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

23. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 22 of the Plaintiff's Complaint and therefore denies same.

24. That this Defendant denies the allegations of numerical paragraph 23 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 23 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

25. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 24 of the Plaintiff's Complaint and therefore denies same.

26. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 26 of the Plaintiff's Complaint and therefore denies same.

27. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 27 of the Plaintiff's Complaint and therefore denies same.

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000007 of 000016

ANS : 000007 of 000015

28. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 28 of the Plaintiff's Complaint and therefore denies same.

29. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 29 of the Plaintiff's Complaint and therefore denies same.

30. That this Defendant denies the allegations of numerical paragraph 30 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 30 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

31. That this Defendant denies the allegations of numerical paragraph 31 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 31 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

32. That this Defendant denies the allegations of numerical paragraph 32 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 32 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

33. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 33 of the Plaintiff's Complaint

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000008 of 000016

ANS : 000008 of 000015

and therefore denies same

34. That this answering Defendant relies upon each and every defense or denial hereto in response to the allegations contained in numerical paragraph 34 of the Plaintiff's Complaint.

35. That this answering Defendant admits the allegations of numerical paragraph 35 of the Plaintiff's Complaint to the extent consistent with the express language of the Kentucky Consumer Protection Act, which Act speaks for itself.

36. That this Defendant denies the allegations of numerical paragraph 36 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 36 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

37. That this Defendant denies the allegations of numerical paragraph 37 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 37 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

38. That this answering Defendant relies upon each and every defense or denial hereto in response to the allegations contained in numerical paragraph 38 of the Plaintiff's Complaint.

39. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 39 of the Plaintiff's Complaint and therefore denies same

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000009 of 000016

ANS : 000009 of 000015

40. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 40 of the Plaintiff's Complaint and therefore denies same

41. That this Defendant denies the allegations of numerical paragraph 41 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 41 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

42. That this answering Defendant relies upon each and every defense or denial hereto in response to the allegations contained in numerical paragraph 42 of the Plaintiff's Complaint.

43. That this Defendant denies the allegations of numerical paragraph 43 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 43 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

44. That this Defendant denies the allegations of numerical paragraph 44 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 44 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

45. That this Defendant denies the allegations of numerical paragraph 45 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000010 of 000016

ANS : 000010 of 000015

lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 45 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

46. That this Defendant denies the allegations of numerical paragraph 46 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 46 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

47. That this Defendant denies the allegations of numerical paragraph 47 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 47 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

48. That this Defendant denies the allegations of numerical paragraph 48 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 48 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

49. That this answering Defendant relies upon each and every defense or denial hereto in response to the allegations contained in numerical paragraph 49 of the Plaintiff's Complaint.

50. That this Defendant denies the allegations of numerical paragraph 50 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000011 of 000016

ANS : 000011 of 000015

lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 50 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

51. That this Defendant denies the allegations of numerical paragraph 51 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 51 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

52. That this Defendant denies the allegations of numerical paragraph 52 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 52 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

53. That this answering Defendant relies upon each and every defense or denial hereto in response to the allegations contained in numerical paragraph 53 of the Plaintiff's Complaint.

54. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 54 of the Plaintiff's Complaint and therefore denies same.

55. That this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 55 of the Plaintiff's Complaint and therefore denies same.

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000012 of 000016

ANS : 000012 of 000015

56. That this Defendant denies the allegations of numerical paragraph 56 of the Plaintiff's Complaint to the extent it makes allegations against this Defendant. This Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in numerical paragraph 56 of the Plaintiff's Complaint to the extent it makes allegations against the Co-Defendants herein and therefore denies same.

57. That this answering Defendant denies each and every allegation or claim not heretofore expressly admitted.

## TENTH DEFENSE

1. That this answering Defendant pleads each and every provision set forth in KRS 411 as a complete and affirmative defense to this action.

2. That any recovery for punitive damages in this case is barred in that same would constitute a taking of property without due process of law and cruel and unusual punishment in violation of the Constitution of the laws of the United States of America and the Commonwealth of Kentucky. Furthermore, any claim for punitive damage should be dismissed as being violative of the United States Constitution, including, but not limited to, the Fifth and Eighth Amendments as applied to the states through the Fourteenth Amendment of the United States Constitution.

3. K.R.S. 304, et seq. and the Kentucky Punitive Damages Statute bar any action against this Defendant.

4. That the claims of the Plaintiff for punitive damages against this Defendant should be dismissed because a jury under Kentucky law: (1) Is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damage award; (2) Is not adequately instructed on the limits of punitive damage imposed by the

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000013 of 000016

ANS : 000013 of 000015

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000014 of 000016

applicable principals of deterrence and punishment; (3) Is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidious discriminatory characteristics, including the residence and wealth of the Defendants; (4) Is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) Is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purpose on the basis of an objective standard. For the above reasons, such an award would violate due process and equal protection rights guaranteed under the Fourteenth Amendment to the United States Constitution and the Constitution of the Commonwealth of Kentucky and the Statutes of the United States and the Commonwealth of Kentucky.

5. The office of the Attorney General of Kentucky is hereby placed on notice of the challenge to the constitutionality of the Kentucky Punitive Damage statute.

WHEREFORE, this Defendant having fully answered respectfully requests that the Plaintiff's Complaint be dismissed, that the Plaintiff take nothing thereby, for its costs herein incurred, for trial by jury and for all other relief to which this Defendant is entitled.

Respectfully submitted:

PORTER, SCHMITT, BANKS &
BALDWIN, PLLC
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240-1767
Telephone: (606) 789-3747
Fax: (606) 789-3790

/s/ Darrin W. Banks
Darrin W. Banks
Counsel for Defendant, Casey Simpson
Insurance Agency

ANS : 000014 of 000015

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000015 of 000016

CERTIFICATE OF SERVICE:

I certify to mailing a true and correct copy of the foregoing to:

Hon. Sam Aguiar
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206

Hon. David Klapheke
400 W. Market St., Suite 2300
Louisville, KY 40202

Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601

Electronically Filed Original to:

Jefferson Circuit Court

This 18th day of October, 2018.

/s/ Darrin W. Banks
DARRIN W. BANKS

ANS : 000015 of 000015



**Commonwealth of Kentucky**
**David L. Nicholson, Jefferson Circuit Clerk**

Case #: 18-CI-005433 Envelope #: 1270709

Received From: DARRIN WINN BANKS Account Of: DARRIN WINN BANKS

Case Title: STINSON, SARAH VS. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO Confirmation Number: 83972917

Filed On: 10/18/2018 1:35:01PM

| # | Item Description | Amount |
|---|---|---|
| 1 | Charges For Services(Jury Demand / 12) | $70.00 |
| | TOTAL: | $70.00 |

D8E0EEA2-24A0-49FC-8320-C204B29DC107 : 000016 of 000016

***ELECTRONICALLY FILED***

CASE NO. 18-CI-005433

JEFFERSON CIRCUIT COURT
DIVISION THREE(3)
JUDGE MITCH PERRY

SARAH STINSON PLAINTIFF

v.

**PLAINTIFF'S NOTICE OF SERVICE**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al. DEFENDANTS

*** *** *** *** *** ***

Comes the Plaintiff, by counsel, and hereby gives notice that Plaintiff's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents to Defendant State Farm was served upon all counsel of record on this, the 1st day of November, 2018.

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

*_/s/ Sam Aguiar_*
Sam Aguiar
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Phone: (502) 813-8900
Fax: (502) 491-3946
sam@kylawoffice.com

-and-

Jasper D. Ward IV
Christina T. Natale
Jones Ward PLC
1205 E. Washington Street, Suite 111
Louisville, Kentucky 40206
jasper@jonesward.com
christina@jonesward.com

86D52296-9E19-45CA-AA30-6835C59570DB : 000001 of 000002

NOS : 000001 of 000002

-and-

Abigale Rhodes Green
Abigale Rhodes Green Injury Law, PLLC
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 736-8159
Facsimile: (502) 736-8150
agreen@arglawfirm.com

*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was electronically filed with the Jefferson Circuit Court and was served via electronic mail and/or U.S. first-class mail, postage prepaid, on this, the 1st day of November, 2018 upon the following:

David T. Klapheke
Boehl Stopher & Graves, LLP
400 West Markets Street, Suite 2300
Louisville, Kentucky 40202
dklapheke@bsg-law.com
*Counsel for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

Darrin W. Banks
Porter, Banks, Baldwin & Shaw, PLLC
327 Main Street
PO Drawer 1767
Paintsville, Kentucky 41240
*Counsel for Defendant, Casey Simpson Agency*

*/s/ Sam Aguiar*
*Counsel for Plaintiff*

86D52296-9E19-45CA-AA30-6835C59570DB : 000002 of 000002

SON : 000002 of 000002

CASE NO. 18-CI-005433

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)
JUDGE MITCH PERRY

SARAH STINSON PLAINTIFF

v. **PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM MUTUAL INSURANCE COMPANY**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al. DEFENDANTS

---

Pursuant to CR 26, CR 33, CR 34 and CR 36, Plaintiff, by and through counsel, hereby requests that Defendant State Farm Mutual Automobile Insurance Company answer the following discovery and serve responsive production upon Plaintiff's counsel within thirty (30) days of the date of service.

These discovery requests are deemed to be continuing in nature. CR 26.05 compliance, along with supplementation of any additional information requested herein which is unavailable at this time, is specifically sought.

Knowledge of the attorneys for the Defendant, the Defendant's employees and any other agent of the Defendant shall be deemed to be the knowledge of the Defendant.

**DEFINITIONS**

1. As used herein, "document" means anything on which any information is fixed and can be perceived, reproduced or otherwise communicated, with or without the aid of any machine or device, and regardless of the medium of expression in which the information is fixed (*e.g.*, print, email, digitally stored information, video, audio or other medium of expression).

2. As used herein, "You," or "Your" means State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), its agents, subsidiaries, employees, representatives and, unless the individual request indicates otherwise, its attorneys.

3. "Subject crash" refers to the car wreck at issue in the Complaint on September 19, 2018.

4. As used herein, "produce" means to either electronically share or mail copies of all requested documents to Plaintiff's counsel of record herein and to make the original of such documents available for inspection. All color materials should be produced in color and of the same quality as the original. All electronically produced documents should be produced in their original form, without alterations to quality or metadata. Should the cost of reproduction be under $200, an invoice may be produced to Plaintiff's counsel either in advance of the production or with the production. Should the cost of reproduction exceed $200, it is requested that the Defendant's counsel advise Plaintiff's counsel of the same prior to reproduction.

4. As used herein, "crash" means the crash which is referenced in the Plaintiff's Complaint.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**: Admit that State Farm advised Plaintiff's counsel on multiple occasions in 2016 that the Plaintiff had no underinsured motorist coverage available to her for her claims arising out of the subject crash.

**RESPONSE:**

**REQUEST NO. 2**: Admit that in 2016, State Farm denied Plaintiff's claims for underinsured motorist coverage arising out of the subject crash.

**RESPONSE:**

**REQUEST NO. 3**: Admit that in 2015 and 2016 State Farm's claims handling practice in Kentucky first party claims was to, after an insured or her legal representative asserted a claim, State Farm would send a "Confirmation of Coverage" to the insured or her legal representative only identifying the available coverages for the policy for the car involved in the wreck.

**RESPONSE:**

**REQUEST NO. 4:** Admit that State Farm claims handlers are trained to send a "Confirmation of Coverage" letter in response to the request of insured or her legal representative for disclosure of available coverage for a claim.

**RESPONSE:**

**REQUEST NO. 5**: Admit that State Farm does not have any mechanism or search tool that allows its agents, adjusters, or employees to search for coverages or policies by street addresses.

**RESPONSE:**

**REQUEST NO. 6**: Admit that State Farm does not provide its claims handlers with the ability to identify insurance policies by street addresses.

**RESPONSE:**

**REQUEST NO. 7**: Admit that State Farm does not have any mechanism or search tool that allows its agents, adjusters, or employees to search for coverages or policies by vehicle VIN numbers.

**RESPONSE:**

**REQUEST NO. 8**: Admit that State Farm does not provide its claims handlers with the ability to identify coverages or policies by vehicle VIN numbers.

**RESPONSE:**

**REQUEST NO. 9**: Admit that State Farm offers a Scorecard bonus to its agents which contains criteria that need to be met in order for the agent to receive various forms of incentive and bonus pay.

**RESPONSE:**

**REQUEST 10:** Admit that on April 13, 2016 your claims representative called Plaintiff's counsel's office and advised that there was no underinsured motorist coverage available to Plaintiff for her claim arising out of the subject crash.

**RESPONSE:**

**REQUEST 11:** Admit that you received a letter from Plaintiff's counsel in December 2015 which, amongst other things, requests "a copy of the Declarations of Coverage for all policies covering this claim."

**RESPONSE:**

**<u>REQUEST 12</u>:** Admit that you did not produce any declarations of coverage for any policies in response to the aforementioned December 2015 letter.

**<u>RESPONSE</u>:**

**<u>REQUEST 13</u>:** Admit that State Farm agrees that "when we know or have information that a possible claim may exist under any coverage, including UM/UIM coverages we should advise the insured (and his/her attorneys, if represented) of that fact if they have not recognized or presented the claim."

**<u>RESPONSE</u>:**

**<u>REQUEST 14</u>:** Admit that Plaintiff and her mother were the named policyholders of the vehicle being driven by Plaintiff at the time of the subject crash.

**<u>RESPONSE</u>:**

**<u>REQUEST 15</u>:** Admit that State Farm agrees that its "claim handling process should not create obstacles. Rather, the process should enable appropriate resolution of individual claims. Our objective in handling UM/UIM claims is to provide service to our insureds."

**<u>RESPONSE</u>:**

**<u>REQUEST 16</u>:** Admit that one or more of State Farm's first party coverage seminars includes the statements:

- If coverage issues arise, we should timely communicate with the insured or their representative, keeping them advised of those issues.

- UM/UIM coverage is a first party coverage. Handling UM/UIM claims should not be adversarial. Our goal is proper resolution of the claim.

**RESPONSE:**

**REQUEST 17**: Admit that State Farm does not dispute its obligation to disclose to its insureds all of their coverages available for a claim when so requested.

**RESPONSE:**

**REQUEST 18**: Admit that State Farm trains their claims handlers to ensure the policyholders obtain all benefits available which are owed under the coverages.

**RESPONSE:**

**REQUEST 19**: Admit that State Farm trains their claims handlers that they are required to affirmatively investigate available coverages to an insured on a first party claim.

**RESPONSE:**

**REQUEST 20**: Admit that State Farm trains their claims handlers to avoid delays in part by assuring that claims files reflect activities and attempts to resolve coverage, liability, and damage issues.

**RESPONSE:**

**REQUEST 21:** Admit that State Farm requires its claims handlers to conduct a thorough and comprehensive investigation to determine all possible bases for coverage.

**RESPONSE:**

**REQUEST 22:** Admit that State Farm has a written objective to fulfill all contractual obligations and to provide excellent service to its insureds in every claim situation.

**RESPONSE:**

**REQUEST 23:** Admit that State Farm maintains an e-mail archive which preserves, for a minimum of 25 years, all emails and attachments sent to or from those within the State Farm Claims department on State Farm owned equipment.

**RESPONSE:**

**REQUEST 24:** Admit that State Farm maintains an archive which preserves all instant messaging and text messaging sent to or from State Farm owned equipment such as laptops, Blackberry's and other cell phones.

**RESPONSE:**

**INTERROGATORIES**

**INTERROGATORY NO. 1:** State in what capacity each person participating in the response to answering these Interrogatories is authorized to respond on behalf of the Defendant, his/her full name, his/her affiliation to Defendant, the length of time employed by Defendant and the current title and position.

**ANSWER:**

**INTERROGATORY NO. 2:** Provide the name, address, and telephone number of

each individual likely to have discoverable information relevant to this case, including but not limited to:

a. All of your agents and employees who worked on the Plaintiff's claim at any time, along with their supervisors
b. All individuals who engaged in underwriting reviews or correspondence and communications relating in any way to all policies issued to the Plaintiff and those issued to members of her household which were active at any time from the two years leading up to the crash to present
c. All individuals who engaged in emails, voicemails, recorded calls, instant messages, intranet messages and other internal correspondence and communications pertaining to the Plaintiff, her mother and/or the Plaintiff's underlying claims arising out of the subject crash
d. All individuals who trained Harry Swaim in any way regarding the identification and disclosure of available first party coverages for a loss
e. All of the employees in the agent's office from 2013 to present

Include a summary of each person's knowledge and anticipated testimony and identify whether you and/or someone acting on your behalf has spoken with said individuals and/or taken a statement from them.

**ANSWER:**

**INTERROGATORY NO. 3:** Please state whether you, your agents, attorneys, or any other agent third party has conducted any surveillance or observation of any parties or their counsel in this action. If so, please produce a complete copy of said surveillance and state:

a. date and time of such surveillance or observation;

b. the reason surveillance was performed;

c. name, address, job title and position of the person who conducted such surveillance or observation;

d. the custodian of the surveillance;

e. the activities of the Plaintiff and/or others;

f. the address or location of each such surveillance or observation; and,

g. the basis for any contention that said surveillance was prepared in anticipation of litigation and/or is protected as work product in any way.

**ANSWER:**

**INTERROGATORY NO. 4:** List all documentary evidence or exhibits that will be used at the trial of this matter and make available all such evidence for inspection and copying.

**ANSWER:**

**INTERROGATORY NO. 5:** Has the Defendant refused to produce any documents from its claims or underwriting files on Plaintiff or her mother to the Plaintiff's counsel herein for a reason other than a claimed privilege (such as a claim of irrelevance)? If so, identify all non-produced documents, the reason for non-production, and identify the documents with enough information about them to establish the basis for their non-production.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify any and all CR 26 expert witnesses hired or consulted by you or someone acting on your behalf related to this case. For each and every such witness, please state:

a. The name, age, residential address, employment address, and current employer for each such expert;
b. The date of retention;
c. The amount of compensation paid to the expert;
d. A list of all cases in which the expert has been retained since 2010, to specifically include the firm retaining the expert, whether the expert was retained by Plaintiff or defense, whether the expert gave testimony in the case and whether the case remains pending;
e. The expert's complete opinions in this case and the grounds for the same;
f. The expert's full credentials, which may be accomplished by producing a current curriculum vitae;
g. All cases in which the expert's testimony has been precluded or restricted and the reasons for the same;
h. All information provided to the expert or otherwise relied upon by the expert in forming opinions in this case;
i. A list of all exhibits prepared by the expert related to this case;
j. All work the expert intends to do between the time the opinions are rendered and trial; and,
k. The amount invoiced by the expert and paid to the expert in this case.

**ANSWER:**

**INTERROGATORY NO. 7:** State whether Casey Simpson and/or Harry Swaim have been disciplined, terminated, subjected to a demotion and/or job position transfer, or otherwise reprimanded in any way by you at any time since 2015. Identify with specificity what discipline took place and the purpose for the disciplinary actions or warnings.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify Harry Swaim's and Casey Simpson's compensation structures from 2014 to present, to specifically include all bonuses, compensation plans, incentive plans, and review criteria for each which were in effect at any time period between 2014 until present, along with all performance benchmarks, performance goals, and performance thresholds which have been imposed upon each within that time frame.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify all reasons why State Farm did not advise Plaintiff or her counsel prior to September of 2018 of her possible claims which might have existed for UIM coverages.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify all efforts made following Plaintiff's crash to investigate, identify, and disclose all coverages to her and her counsel. Include the names of all of those who participated in the coverage investigation, along with their supervisors at the time.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify all manners by which State Farm helped Plaintiff and her counsel ensure that she obtained all benefits available to her as an insured.

**ANSWER:**

**INTERROGATORY 12:** Identify all manners by which you conducted a thorough and comprehensive investigation to determine all possible bases for coverage for Plaintiff.

**ANSWER:**

**INTERROGATORY 13:** Identify all manners by which you worked to accomplish your objective to fulfill all contractual obligations to the Plaintiff and to provide excellent service to her with respect to her first party claim.

**ANSWER:**

**INTERROGATORY 14:** Identify all facts and evidence to support any contention by you that you conducted a thorough and comprehensive investigation of Plaintiff's claims and coverages in order to determine all possible bases for payment of coverage benefits.

**ANSWER:**

**INTERROGATORY 15:** Identify all first party coverage seminars attended by Harry Swaim and his supervisors (this includes any remote sessions). Include the dates

of attendance, the locations of the seminars and the instructors who participated in the seminars.

**ANSWER**:

**INTERROGATORY 16**: Identify all of the following who worked who worked on issuing policies to the Plaintiff and her mother, processing her claims, investigating her claims and coverages, communicating about her or her claims, identifying and/or disclosing coverages in relation to the Plaintiff's claims, conducting performance reviews of those who worked on the Plaintiff's claims, placing a hold on documents related to the case, retaining documents related to the case, monitoring the litigation, searching stored and archived information for communications and documents relevant to this case :

a. Those from the Claims Department, including but not limited to claims adjusters, claims processors, claims superintendents/team managers, other supervisors, division managers and other management

b. Those from the Underwriting Department, including but not limited to those who processed applications of the Plaintiff and her mother, verified application information, issued quotes, issued policies, issued amendments/endorsements/cancellations or other policy changes and those who verified coverages

c. Those from the Systems Department, including but not limited to those who searched for documents related to this case, to be held due to this case and/or to be potentially used in this case

d. Section managers

e. Those from the actuary department, including but not limited to those who

determined the rates and premiums for the Plaintiff's policies and her mother's policies, along with those who established the criteria for determining rates and premiums on Kentucky auto policies

f. Those from LSS (Litigation Support Section), including but not limited to counsel, paralegals, and staff who have worked on this case or the associated claims

g. Those from Human Resources who have consulted with, disciplined, rewarded or otherwise taken action with the agents, underwriters and/or claims personnel who worked on the Plaintiff's claims.

h. Those from vendors or departments who performed, participated in, planned or otherwise were involved in forensic examinations of State Farm owned devices which was related to this case and the surrounding issues.

For all those identified above, please include their names, titles, years worked with State Farm, other titles held and a summary of the knowledge, facts and discoverable information which each person has that could any way lead to discoverable facts and evidence in this case.

**ANSWER:**

**INTERROGATORY 17:** Identify all efforts, attempts, and activities by you to resolve coverage, liability, and damages issues on the Plaintiff's claims.

**ANSWER:**

**INTERROGATORY 18:** Please identify all mistakes made by you during the handling of the Plaintiff's claims, how those mistakes were discovered, and all efforts

made to notify all relevant parties of your errors and how you intended to correct them.

**ANSWER:**

**INTERROGATORY 19:** Identify how you, on the Plaintiff's claim, both followed your "Commitment to our Policyholders" and failed to follow this commitment. Include within your response a description of how you explained all relevant coverages under the policies and coverage, how you encouraged Plaintiff to report all losses, and how you educated Plaintiff on how to avail herself of all benefits under State Farm coverages.

**ANSWER:**

**INTERROGATORY 20:** Identify all efforts made by you to affirmatively investigate, identify, and disclose all available coverages to Plaintiff for the subject loss.

**ANSWER:**

**INTERROGATORY 21:** Identify all efforts made by you to help ensure that Plaintiff obtained all benefits available from State Farm coverages insuring her.

**ANSWER:**

**INTERROGATORY 22:** Identify all efforts made by you to assure that the claims handlers who worked on Plaintiff's claims had specialized knowledge on how to investigate, identify, and disclose all of the available insurance policies and coverages to Plaintiff for this loss.

**ANSWER:**

**INTERROGATORY 23**: Identify all efforts made by those who worked on Plaintiff's claims to verify coverage promptly and accurately. Include within your response a description of all resources used in the coverage investigation and verification process (i.e. software programs, communications with the agents and underwriting, etc.).

**ANSWER**:

**INTERROGATORY 24**: Identify all payments made to the Plaintiff's insurance agents, claims handlers, and their supervisors at any time between 2014 to present which were premised in any way upon combined ratios or loss ratios.

**ANSWER**:

**INTERROGATORY 25**: Identify any and all of the following which have been issued, used or available to Harry Swaim and/or Casey Simpson to reference, rely upon, or otherwise review or use at any time while employed with State Farm:

a. Email or intranet communication programs and manuals;
b. State Farm owned devices such as cell phones, tablets and laptops;
c. Claims data processing or adjusting programs and software;
d. Bulletins, manuals, newsletters and recurring reports;
e. Company philosophies, policies, and goals;
f. Criteria for promotion, demotion, raises, discipline, bonuses, and incentive pay.

If any State Farm owned cell phone, laptop, tablet or other communication device was provided at any time to Harry Swaim or Casey Simpson, identify the devices, their current custodians, the chain of custody of the devices, the audit trail of the devices and

whether forensic examination or other data extraction/wipe/purging/review/backup was performed on them (and if so, when/where was it done and by whom).

**ANSWER:**

**INTERROGATORY 26:** Identify the total number of the following for 2014, 2015. 2016, 2017 and 2018 for State Farm (to include both State Farm Mutual and State Farm Fire):

a. The number of auto policies sold in Kentucky for each year
b. The number of the auto policies sold in Kentucky for each year which did not have uninsured motorist coverage at the time of issuance
c. The number of the auto policies sold in Kentucky for each year which did not have underinsured motorist coverage at the time of issuance
d. Uninsured motorist coverage (U) claims, both nationally and in Kentucky
e. Underinsured motorist coverage claims (W), both nationally and in Kentucky
f. Uninsured motorist coverage claims in Kentucky in situations where the insured was a State Farm insured under more than one auto policy
g. Total claims handled by Harry Swaim
h. Kentucky uninsured motorist claims handled by Harry Swaim
i. Kentucky underinsured motorist claims handled by Harry Swaim
j. Uninsured motorist coverage claims in Kentucky where an insured or his/her legal representative was sent a Confirmation of Coverage letter which identified coverages for more than one auto policy

k. Uninsured motorist coverage claims in Kentucky where, within a month of a claim being opened, an insured or his/her legal representative was sent multiple Confirmations of Coverage letters identifying coverages on separate auto policies

l. Underinsured motorist coverage claims in Kentucky where an insured or his/her legal representative was sent a Confirmation of Coverage letter which identified coverages for more than one auto policy

m. Underinsured motorist coverage claims in Kentucky where, within a month of a claim being opened, an insured or his/her legal representative was sent multiple Confirmations of Coverage letters identifying coverages on separate auto policies

**ANSWER**:

**INTERROGATORY 27:** Explain how State Farm has been able to turn around from a $7 Billion Dollar underwriting loss on property and casualty in 2016 to sustained underwriting profits in 2018. Describe how this financial turnaround, including all factors which have resulted in you passing along a "rate reduction" in Kentucky and across most of the country due to your "financial strength," was accomplished, including:

a. Changes in the amount of premiums State Farm generated nationally and in Kentucky and an explanation of how this change was accomplished.

b. Identification of changes in the costs associated with claims handling by State Farm nationally and in Kentucky and an explanation of how this change was accomplished.

c. Identification of all documents reflecting changes in the costs associated with claims handling by State Farm nationally and in Kentucky and an explanation of how this change was accomplished.

d. Identification of changes in the amount of claims payments by State Farm nationally and in Kentucky and an explanation of how this change was accomplished.

e. Identification of any other factors and documents besides increase in premium production or decreases in claims handling costs and/or claims payouts that contributed to this financial turnaround.

f. Identification of changes in benchmarks placed upon agents and/or claims handlers for combined ratios, loss ratio

g. Changes in the way first party claims are handled, first party coverages are offered, first party coverages are identified and disclose and how first party claims are paid.

h. Changes in the way combined loss ratios are calculated and, if there are no changes, then an explanation as to all things done to reduce your Kentucky loss ratio from .67 in 2016 to .61 in 2017.

i. Ways in which you were able to cut the Kentucky preferred auto rate on June 25, 2018 by 3.1 percent but still increase your Kentucky underwriting profits.

**ANSWER:**

**INTERROGATORY 28:** Identify all forensic examinations which either you or someone acting on your behalf have done in this case, to specifically include all examinations of items done via products of Case Central/EnCase/Guidance/OpenText.

Include within your response the individuals present during the examinations, the nature of the examinations, the results of the examinations and the custodian of all documents.

**ANSWER:**

**INTERROGATORY 29:** Identify all reasons why you do not issue multi-vehicle policies to Kentucky policyholders as opposed to separate policies for each vehicle. What are the benefits to your policyholders with the single vehicle per policy format versus issuing them single policies within multiple vehicles?

**ANSWER:**

**REQUESTS FOR PRODUCTION**

Within your production, produce each document in its original form without any mark, alteration or additional writing, except for Bates stamping which may be placed on the bottom of each page. All documents should be produced in the same order in which they are kept in the ordinary course of business. Any and all redactions should be made in clear marking with the word "redaction" adjacent to the redacted material.

The Plaintiff does not object to a preliminary "Confidential" designation to be affixed upon certain documents and handled in the following manner:

a. Documents designated as Confidential shall be produced with such designation in good faith that the producing party deems the information to be a trade secret or otherwise not subject to public dissemination.

b. A party wishing to designate any document as Confidential shall do so by marking the document "Confidential." Once a document is designated as Confidential, it is expressly subject to this agreement. All documents produced

absent an express designation of confidentiality shall not be subject to this agreement.

c. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is complete.

d. Any disputes concerning a document's designation as "Confidential" shall be resolved by filing appropriate motions with the Court. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection. The Court may alter or remove any designation of Confidential Material on the Court's own Motion. After any such action by the Court, the Parties shall be given an opportunity to be heard regarding any objections to the re-designation.

e. Confidential Documents may be used or disclosed to the following persons only:

   i. Counsel of record for the parties including their office and clerical staff working on this action;

   ii. The Court and Court personnel subject to such safeguards as the Court may deem necessary;

   iii. Client representatives and witnesses for purposes of preparation for depositions and trial;

   iv. Any independent outside consultant or expert engaged by counsel for discovery, trial preparation or trial of this action; and

   v. At trial subject to evidentiary rulings made by the Court.

Should you assert a work product objection, provide the basis for any contention

that said requested information was prepared in anticipation of litigation and/or is protected as work product in any way.

Should privilege be asserted, Plaintiff seeks reasonable identification of the items to which the claims are being made. Please identify the items which are being withheld due to privilege claims so that the Plaintiff may determine whether to challenge those claims or otherwise move to compel due to substantial need or otherwise. Pursuant to *Collins v. Braden*,[1] it is the burden of the party claiming privilege to establish the privilege ("the claimant of a privilege bears the burden of establishing the privilege."), which is not accomplished by a party who does not provide clarity about the items in question. For compliance purposes, Plaintiff seeks a privilege log providing reasonable identification of the items subject to a claim of privilege. Should the Defendant object to doing so, please identify the basis for the same and indicate the manner in which compliance of reasonable identification shall be made by the Defendant. As "a claim of privilege should be presumed to be proper until challenged by the party seeking the materials," this shall serve as a challenge to all privilege claims made by the Defendant responsive to requests for materials herein. Regarding the identification of withheld production, specify at a minimum the date of the document, the author(s), the recipient(s), the type of document (letter, memo, e-mail, etc.), a summary description of the contents of the document, the claim of privilege or protection upon which it is withheld, and your complete factual basis for that claim.

Pursuant to CR 34 and the instructions herein, Defendant shall electronically produce the original documents and items (in color where the original is color) with original

[1] 384 S.W.3d 154 (Ky. 2012).

metadata to Plaintiff's counsel. Should you currently have uncertified copies of any of the information requested below and need to request certified copies, produce the complete, uncertified copies now and supplement certified copies upon receipt of the same.

**REQUEST NO. 1:** Produce all applications by the Plaintiff, Jennifer Spray (also known as Jennifer Stinson and/or Jennifer Sizemore), and/or any other member of Plaintiff's household for insurance with State Farm. This includes, but is not limited to, all executed applications, unexecuted applications, submitted applications, approved applications, and rejected applications.

**RESPONSE:**

**REQUEST NO. 2:** Produce the entire underwriting files, along with all underwriting correspondence and communications, relating in any way to all policies issued to the Plaintiff, Jennifer Spray/Stinson/Sizemore, and those issued to members of Plaintiff's household which were active at any time from the two years leading up to the crash to present. This also includes the underwriting files referring or relating in any way to the policies at issue in this action, the file folders in which the underwriting documents are kept and drafts of all documents in the file.

**RESPONSE:**

**REQUEST NO. 3:** The electronic communications, activity logs, comments, memos and other documents or communications made by Defendant's claims personnel, agents, and others acting on behalf of the Defendant which relate to the Plaintiff or her claims arising out of the subject crash.

**RESPONSE:**

**REQUEST NO. 4:** Any and all of your written procedures, manuals, instructions, intranet resources, seminar materials, guidelines, or policies (including document(s) maintained in electronic form) which were active at the time of the subject crash and pertained to the handling of first party claims and the identification and disclosure of all first party coverages available to an insured for a claim. Also include all documentation relating to the adherence or non-adherence to these procedures and policies by State Farm employees, agents, and/or other personnel as it relates to the Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 5:** The emails, voicemails, recorded calls, instant messages, text messages, internal messages sent via any platform on the intranet of claims management software, any other messaging sent to or from a State Farm owned device, and any other internal correspondence and communications pertaining to the Plaintiff's claims.

**RESPONSE:**

**REQUEST NO. 6:** All communications directed to or from any State Farm agent (or those within an agency office) which relate in any way to the Plaintiff's coverages, her policies, her mother's policies, her claims arising out of the subject crash, her uninsured motorist coverage rejection, the underinsured motorist coverage available to her, any and all amendments to Plaintiff's coverages or her mother's coverages, any and all transfers of coverages, any reviews of the Plaintiff's policies and coverages with State Farm's

underwriting and anyone else in relation to the Plaintiff's insurance coverages and applications.

**RESPONSE:**

**REQUEST NO. 7:** All communications and documents relating to State Farm and/or its agents in obtaining executed uninsured motorist rejections from the Plaintiff. This specifically includes, but is not limited to, all correspondence sent to the Plaintiff or received from the Plaintiff containing these rejections.

**RESPONSE:**

**REQUEST NO. 8:** Certified copies of all policies issued by State Farm to the Plaintiff and/or a member of her household at any time, to specifically include the following:

a. The policies;
b. All renewals of all policies;
c. All signed, unsigned, processed, and unprocessed applications for all insurance coverage;
d. All amendments to all policies;
e. All endorsement to all policies;
f. All cancellations of all policies; and,
g. The transfers of coverages from one policy to another.

**RESPONSE:**

**REQUEST NO. 9**: All documents which support any of your contentions from interrogatory responses or otherwise that you:

a. Helped Plaintiff and her counsel ensure that Plaintiff obtained all benefits available to her as an insured.

b. Worked to accomplish your objective to fulfill all contractual obligations to Plaintiff and to provide excellent service to her in the claim situation.

c. Conducted a thorough and comprehensive investigation of Plaintiff's claims and coverages in order to determine all possible bases for payment of coverage benefits.

d. Affirmatively investigated, identified and disclosed coverages in relation to Plaintiff's claims.

e. Promptly resolved coverage, liability, and damages issues on the Plaintiff's claims.

f. Followed your "Commitment to our Policyholders", including explaining all relevant coverages to Plaintiff under the policies and coverage, encouraged Plaintiff to report all losses, and educated Plaintiff on how to avail herself of all benefits under State Farm coverages.

g. Helped ensure that Plaintiff obtained all benefits available to her from State Farm.

h. Assured that the claims handlers who worked on Plaintiff's claims assigned had specialized knowledge on how to investigate, identify, and disclose all of the available insurance policies and coverages to Plaintiff for this loss.

i. Worked on Plaintiff's claims to verify coverage promptly and accurately

**RESPONSE**:

**REQUEST NO. 10:** The documents, manuals, handouts, course materials, agendas, exams, and other materials, including audio and/or video tapes used in training, overseeing, or supervising each of your personnel who had any interaction with or engaged in any activity for the Plaintiff's claims in any manner.

**RESPONSE:**

**REQUEST NO. 11:** The documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising the Plaintiff's insurance agent and agency office which issued the policies to the Plaintiff and her mother.

**RESPONSE:**

**REQUEST NO. 12:** The entire personnel file of each of your personnel who had any interaction with or engaged in any activity for the Plaintiff's claims in any manner.

**RESPONSE:**

**REQUEST NO. 13:** The Scorecard bonuses, bonus structures, criteria, and related documents which were in place at any time for Plaintiff and her mother's insurance agents between 2013 and 2017.

**RESPONSE:**

**REQUEST NO. 14:** All records of premium billing issued to the Plaintiff and her mother and records of collection of the premiums from the Plaintiff and her mother for all policy premiums.

**RESPONSE:**

**REQUEST NO. 15:** An index of all documents and items retained pursuant to a litigation hold on this case, as well as an index of all documents and items related to the Plaintiff's claims, policies, coverages, or otherwise which have been deleted, purged, lost, destroyed, lost, or modified and include a log of all actions taken to recover, restore, locate, reproduce, or otherwise obtain these items. (For example, if the Plaintiff and her mother's executed applications for insurance cannot be located, identify the same within the index and note all efforts made to locate them.)

**RESPONSE:**

**REQUEST NO. 16:** The bonuses, compensation plans, incentive plans, review criteria, performance reviews, promotion and demotion criteria, and disciplinary notes and documents for Harry Swaim which were in effect for the time periods between 2013 until present.

**RESPONSE:**

**REQUEST NO. 17:** The State Farm auto claims handling manuals (ACM) for 2014-present.

**RESPONSE:**

**REQUEST NO. 18:** All documentation setting forth the manners, policies, and procedures to be utilized by your personnel in identifying and disclosing to your insureds,

claimants, policyholders, and their counsel all first party coverages available to them for claims.

**RESPONSE:**

**REQUEST NO. 19:** All Process Guides and other procedures manuals which guide your personnel in issuing and servicing your policyholders' files.

**RESPONSE:**

**REQUEST NO. 20:** All documentation evidencing that you train and require your claims handlers to disclose all information regarding all available coverages to your policyholders, insureds, and their counsel when so requested.

**RESPONSE:**

**REQUEST NO. 21:** All documentation evidencing that you train and require your claims handlers to look for all insurance coverage available to an insured and disclose it to the insured or the insured's counsel upon request.

**RESPONSE:**

**REQUEST NO. 22:** All documents reflecting transfers of coverages from one of Plaintiff's policies or her mother's policies to another policy at any time.

**RESPONSE:**

**REQUEST NO. 23:** All documents containing State Farm's positions on coverages available (or unavailable) to the Plaintiff for claims.

**RESPONSE:**

**REQUEST NO. 24:** The entire claims file for all of the Plaintiff's claims with State Farm, including but not limited to all documents and material pertaining to the evaluation of the Plaintiff's claims. Also include any investigative report not included in the claims file, all adjustment documents (including but not limited to any underwriting information or documents) relied upon by you in adjusting this claim.

**RESPONSE:**

**REQUEST NO. 25:** All documents related to your investigation into whether any of the Plaintiff's policy documents, coverages, and/or rejection forms were altered, amended, forged, transferred and/or otherwise modified without the consent of the Plaintiff.

**RESPONSE:**

**REQUEST NO. 26:** Produce all job evaluations, bonuses earned, incentive pay earned, and performance reviews from the past five (5) years for all agents and other personnel who handled the Plaintiff's claims arising out of the subject crash in any manner.

**RESPONSE:**

**REQUEST NO. 27:** Produce all audit programs in place by you which at least in part serve to identify and/or correct situations where a policyholder, insured, or other claimant is not advised of all first party coverages available to him/her for a loss.

**RESPONSE:**

**REQUEST NO. 28:** Any records or compilations, manuals, internal memoranda, documents, or other communications which are maintained by you and relate to a record of claims made against you for unfair claim settlement practices in Kentucky and where one of the allegations associated with the claim is the failure to properly identify and/or disclose first party coverages to an insured.

**RESPONSE:**

**REQUEST NO. 29:** All records, data, or compilations showing severity by any adjusters who were involved in adjusting Plaintiff's claim, and any unit they are in, for any first party claims for the period of time from 2014 until the present. Include within your response any and all materials, data and reports reflecting this information within the Enterprise Claim System.

**RESPONSE:**

**REQUEST NO. 30:** All personnel or salary administration manuals or other guidance manuals applicable to all adjusters, personnel, and independent contractors who were involved in the claim of Plaintiff, including any of the following documents:

a. Job description;

b. Salary grade classification;

c. Criteria for promotion/demotion;

d. Plans for adequate staff levels;

e. Performance evaluation and activity reviews;

f. Incentive programs and retirement funds; and

g. Profit sharing and stock ownership.

**RESPONSE:**

**REQUEST NO. 31:** All documents reflecting the following:

a. The number of auto policies sold in Kentucky between 2012 and the present

b. The number of the auto policies sold in Kentucky between 2012 and the present which did not have uninsured motorist coverage

c. The number of the auto policies sold in Kentucky between 2012 and the present which did not have underinsured motorist coverage

**RESPONSE:**

**REQUEST NO. 32:** All personnel or salary administration manuals or other guidance manuals applicable to all adjusters, personnel, and independent contractors who were involved in the claim of Plaintiff, including any of the following documents:

a. Job description;

b. Salary grade classification;

c. Criteria for promotion/demotion;

d. Plans for adequate staff levels;

e. Performance evaluation and activity reviews;

f. Incentive programs and retirement funds; and

g. Profit sharing and stock ownership.

**RESPONSE:**

**REQUEST NO. 33:** All documents from the ITIS/RFA database relating to this case, including but not limited to all Requests for Assistance sent to departments in relation to this case and all Hold Orders issued in relation to this case.

**RESPONSE:**

**REQUEST NO. 34:** All documents and digitally stored information from the Enterprise Claim System database relating to this case, the Plaintiff's claims and/or the Plaintiff, generally.

**RESPONSE:**

**REQUEST NO. 35:** The documents, manuals, and training materials relating to the creation, issuance, or production of the "Confirmation of Coverage" form by State Farm to its insureds.

**RESPONSE:**

**REQUEST NO. 36:** Produce all communications, documents and other items located on or recovered from any State Farm owned cell phone, laptop, tablet or other communication device provided to Harry Swaim or Casey Simpson or anyone else which in any way relates to the Plaintiff, her claims, her mother, her policies, her mother's policies, this lawsuit, the handling of first party claims, generally and any other matters which are potentially relevant to the issues associated with this case. This Request includes any information obtained by a third party, a vendor, a law office and/or any proprietary tools such as any tools developed for you by Opentext or otherwise. Also produce the documents identifying the devices, the chain of custody of the devices, the

audit trail of the devices and any other documents reflecting the data extraction/wipe/purging/review/backup performed on them.

**RESPONSE:**

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

*/s/ Sam Aguiar*
Sam Aguiar
Jonathan B. Hollan
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Telephone: (502) 813-8900
Facsimile: (502) 491-3946
sam@kylawoffice.com
jhollan@kylawoffice.com

-and-

Jasper Ward
Christina T. Natale
Jones Ward PLC
1205 E Washington Street, Suite 111
Louisville, Kentucky 40206
Telephone: (502) 882-6000
Facsimile: (502) 587-2007
jasper@jonesward.com
christina@jonesward.com

-and-

Abigale Rhodes Green
Abigale Rhodes Green Injury Law, PLLC
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 736-8159
Facsimile: (502) 736-8150
agreen@arglawfirm.com

*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing was sent via email and/or U.S. First-Class Mail, postage prepaid, to counsel for each of the Defendants on November 1, 2018.

*/s/ Sam Aguiar*
*Counsel for Plaintiff*

NO. 18-CI-005433

JEFFERSON CIRCUIT COURT
DIVISION 3
JUDGE MITCH PERRY

SARAH STINSON PLAINTIFF

V.

**DEFENDANT STATE FARM'S FIRST SET OF INTERROGATORIES**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE & CASUALTY COMPANY; CASEY SIMPSON AGENCY DEFENDANTS

* * * * *

Come the defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company (collectively, "State Farm"), by counsel, and in accordance with the Kentucky Rules of Civil Procedure, propounds the following Interrogatories to be answered by plaintiff within thirty (30) days of service hereof. These Interrogatories are to be used for all purposes permitted by the Kentucky Rules of Civil Procedure and are to be considered continuing:

**INTERROGATORY NO. 1:** State each address where you resided from 2014 to the present and for what time period you lived at each address and include specifically in your response where you were residing at the time of the accident in question on December 5, 2015.

**ANSWER:**

**INTERROGATORY NO. 2:** For each address identified in your answer to Interrogatory No. 1, state who you were living with at each address and identify your relationship

to each resident, and specifically include in your response who you were living with at the time of the accident in question on December 5, 2015, and your relationship to said other residents, if any.

**ANSWER:**

BOEHL STOPHER & GRAVES, LLP

*/s/ David T. Klapheke*
David T. Klapheke
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
dklapheke@bsg-law.com
COUNSEL FOR DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE & CASUALTY COMPANY

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was sent via email on the 15th day of October, 2018 to the following:

Sam Aguiar
Sam Aguiar Injury Lawyers, PLLC
1201 Story Avenue, Suite 301
Louisville, KY 40206
COUNSEL FOR PLAINTIFF

Darrin W. Banks
Porter, Banks, Baldwin & Shaw, PLLC
327 Main Street
P.O Drawer 1767
Paintsville, KY 41240
COUNSEL FOR DEFENDANT, CASEY SIMPSON AGENCY

*/s/ David T. Klapheke*
David T. Klapheke

CASE NO. 18-CI-005433

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)
JUDGE MITCH PERRY

SARAH STINSON PLAINTIFF

v.

**PLAINTIFF'S RESPONSES TO DEFENDANT STATE FARM'S INTERROGATORIES**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al. DEFENDANTS

*** *** *** *** *** ***

Comes the Plaintiff, Sarah Stinson, by and through counsel, and hereby submits the following responses to the Defendant State Farm's Interrogatories.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** State each address where you resided from 2014 to the present and for what time period you lived at each address and include specifically in your response where you were residing at the time of the accident in question on December 5, 2015.

**ANSWER: Until 2017, the Plaintiff's primary address was 4007 Zoneton Road in Shepherdsville, KY. This was the home of her grandparents, Ivan and Donna Hatfield. Her brother, Jeffrey Nalley, and uncle, Harold Spray, also lived in the home. Sarah received her mail at this address and considered this home to be her primary residence at the time of the accident in question. For periods of time in 2015 and 2016, Sarah lived with her mother at 4029 Fayette Ave. in Louisville, KY. Sarah's present address is 199 Tanyard Park Place, Unit 142 in Louisville, KY where she resides with her husband.**

**INTERROGATORY NO. 2:** For each address identified in your answer to Interrogatory No. 1, state who you were living with at each address and identify your relationship to each resident, and specifically include in your response who you were living with at the time of the accident in question on December 5, 2015, and your relationship to said other residents, if any.

**ANSWER: See Plaintiff's response to Interrogatory No. 1.**

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

*/s/ Sam Aguiar*
Sam Aguiar
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Phone: (502) 813-8900
Fax: (502) 491-3946
sam@kylawoffice.com

-and-

Jasper D. Ward IV
Christina T. Natale
Jones Ward PLC
1205 E. Washington Street, Suite 111
Louisville, Kentucky 40206
jasper@jonesward.com
christina@jonesward.com
-and-

Abigale Rhodes Green
Abigale Rhodes Green Injury Law, PLLC
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 736-8159
Facsimile: (502) 736-8150

agreen@arglawfirm.com

*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

Counsel for Plaintiff certifies that a true and correct copy of these responses were emailed to the following on November 13, 2018.

David T. Klapheke
Boehl Stopher & Graves, LLP
400 West Markets Street, Suite 2300
Louisville, Kentucky 40202
dklapheke@bsg-law.com
*Counsel for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

Darrin W. Banks
Porter, Banks, Baldwin & Shaw, PLLC
327 Main Street
PO Drawer 1767
Paintsville, Kentucky 41240
dbanks@psbb-law.com
*Counsel for Defendant Casey Simpson Agency*

*/s/ Sam Aguiar*
*Counsel for Plaintiff*

**VERIFICATION**

I, Sarah Stinson, hereby certify that the information contained herein is true and accurate to the best of my knowledge and belief.

[signature]

Sarah Stinson

COMMONWEALTH OF KENTUCKY )
) SS:
COUNTY OF Jefferson )

Subscribed and sworn to before me by, Sarah Stinson, this 13 day of November, 2018.

My commission expires: April 9, 2022.

Kathryn Harper

Notary Public

KATHRYN HARPER
Notary Public-State at Large
KENTUCKY - Notary ID # 599110
My Commission Expires 04-09-2022

***ELECTRONICALLY FILED***

CASE NO. 18-CI-005433

JEFFERSON CIRCUIT COURT
DIVISION THREE(3)
JUDGE MITCH PERRY

SARAH STINSON PLAINTIFF

v.

**PLAINTIFF'S NOTICE OF SERVICE**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al. DEFENDANTS

*** *** *** *** *** ***

Comes the Plaintiff, by counsel, and hereby gives notice that Plaintiff's Responses to Defendant State Farm's First Set of Interrogatories were served upon all counsel of record on this, the 13th day of November, 2018.

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

*/s/ Sam Aguiar*

Sam Aguiar
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Phone: (502) 813-8900
Fax: (502) 491-3946
sam@kylawoffice.com

-and-

Jasper D. Ward IV
Christina T. Natale
Jones Ward PLC
1205 E. Washington Street, Suite 111
Louisville, Kentucky 40206
jasper@jonesward.com
christina@jonesward.com

-and-



227D21B2-2157-4304-A177-43C885C9738E : 000001 of 000002

NO : 000001 of 000002

Abigale Rhodes Green
Abigale Rhodes Green Injury Law, PLLC
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 736-8159
Facsimile: (502) 736-8150

*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was electronically filed with the Jefferson Circuit Court and was served via electronic mail and/or U.S. first-class mail, postage prepaid, on this, the 13th day of November, 2018 upon the following:

David T. Klapheke
Boehl Stopher & Graves, LLP
400 West Markets Street, Suite 2300
Louisville, Kentucky 40202
dklapheke@bsg-law.com
*Counsel for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

Darrin W. Banks
Porter, Banks, Baldwin & Shaw, PLLC
327 Main Street
PO Drawer 1767
Paintsville, Kentucky 41240
*Counsel for Defendant, Casey Simpson Agency*

/s/ Sam Aguiar
*Counsel for Plaintiff*

227D21B2-2157-4304-A177-43C885C9738E : 000002 of 000002

NO : 000002 of 000002

CASE NO. 18-CI-005433

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)
JUDGE MITCH PERRY

SARAH STINSON PLAINTIFF

v.

**PLAINTIFF'S RESPONSES TO DEFENDANT STATE FARM'S INTERROGATORIES**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al. DEFENDANTS

*** *** *** *** *** ***

Comes the Plaintiff, Sarah Stinson, by and through counsel, and hereby submits the following responses to the Defendant State Farm's Interrogatories.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** State each address where you resided from 2014 to the present and for what time period you lived at each address and include specifically in your response where you were residing at the time of the accident in question on December 5, 2015.

**ANSWER: Until 2017, the Plaintiff's primary address was 4007 Zoneton Road in Shepherdsville, KY. This was the home of her grandparents, Ivan and Donna Hatfield. Her brother, Jeffrey Nalley, and uncle, Harold Spray, also lived in the home. Sarah received her mail at this address and considered this home to be her primary residence at the time of the accident in question. For periods of time in 2015 and 2016, Sarah lived with her mother at 4029 Fayette Ave. in Louisville, KY. Sarah's present address is 199 Tanyard Park Place, Unit 142 in Louisville, KY where she resides with her husband.**

**INTERROGATORY NO. 2:** For each address identified in your answer to Interrogatory No. 1, state who you were living with at each address and identify your relationship to each resident, and specifically include in your response who you were living with at the time of the accident in question on December 5, 2015, and your relationship to said other residents, if any.

**ANSWER: See Plaintiff's response to Interrogatory No. 1.**

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

*/s/ Sam Aguiar*
Sam Aguiar
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Phone: (502) 813-8900
Fax: (502) 491-3946
sam@kylawoffice.com

-and-

Jasper D. Ward IV
Christina T. Natale
Jones Ward PLC
1205 E. Washington Street, Suite 111
Louisville, Kentucky 40206
jasper@jonesward.com
christina@jonesward.com
-and-

Abigale Rhodes Green
Abigale Rhodes Green Injury Law, PLLC
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 736-8159
Facsimile: (502) 736-8150

agreen@arglawfirm.com

*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

Counsel for Plaintiff certifies that a true and correct copy of these responses were emailed to the following on November 13, 2018.

David T. Klapheke
Boehl Stopher & Graves, LLP
400 West Markets Street, Suite 2300
Louisville, Kentucky 40202
dklapheke@bsg-law.com
*Counsel for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

Darrin W. Banks
Porter, Banks, Baldwin & Shaw, PLLC
327 Main Street
PO Drawer 1767
Paintsville, Kentucky 41240
dbanks@psbb-law.com
*Counsel for Defendant Casey Simpson Agency*

*/s/ Sam Aguiar*
*Counsel for Plaintiff*

**VERIFICATION**

I, Sarah Stinson, hereby certify that the information contained herein is true and accurate to the best of my knowledge and belief.

Sarah Stinson

COMMONWEALTH OF KENTUCKY )
) SS:
COUNTY OF Jefferson )

Subscribed and sworn to before me by, Sarah Stinson, this 13 day of November, 2018.

My commission expires: April 9, 2022.

Kathryn Harper
Notary Public

KATHRYN HARPER
Notary Public-State at Large
KENTUCKY - Notary ID # 599110
My Commission Expires 04-09-2022