UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:18-CV-759

SARAH STINSON                                                                                                          PLAINTIFF

V.

STATE FARM MUTUAL AUTOMOBILE                                                                        DEFENDANTS
INSURANCE COMPANY,
AND
STATE FARM FIRE AND CASUALTY COMPANY,
AND
CASEY SIMPSON AGENCY

## Memorandum Opinion & Order

This matter is before the Court upon a motion (DN 38) by the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), for reconsideration regarding the Court's Memorandum Opinion & Order (DN 37) granting Plaintiff's motion to remand and denying the Casey Simpson Agency's motion to dismiss as moot. Plaintiff, Sarah Stinson, has responded (DN 41) and State Farm has filed its reply (DN 42). Fully briefed, this matter is ripe for review and for the following reasons, State Farm's motion for reconsideration is **GRANTED.**

## Background

This action arises from a motor vehicle accident in which Plaintiff was injured.[1] Plaintiff filed her complaint against Defendants in Jefferson County Circuit Court alleging violations of the Kentucky Consumer Protection Act, the Kentucky Unfair Claims and Settlement Practices Act,

---

[1] For a complete recitation of the facts underlying this case, *See* (DN 37).

common law bad faith, breach of contract, fraudulent misrepresentation, and civil conspiracy. (DN 9 at 2-3). Plaintiff contends that "[f]or more than two years, State Farm and Casey Simpson deceived Ms. Stinson as she and her counsel were repeatedly told that she was not insured under any policies which would afford her UIM coverage." (DN 9 at 3). Furthermore, Plaintiff claims "[t]he Agency and State Farm both, and in furtherance of a civil conspiracy, withheld information from Ms. Stinson and her counsel that she was actually an insured under two insurance policies affording $ 125,000 in coverage." *Id.* Plaintiff alleges that the Agency "conspired with State Farm to sell insurance policies with separate policy numbers for each vehicle in the household to assist State Farm in the misrepresentation of available coverage in order to defraud consumers and claimants" and that "the Agency engaged in conduct designed to deny or modify insurance coverage, to withhold available insurance coverage, and to deceive customers and their families into believing that insurance was not available or applicable to a loss when coverage existed." (DN 9 at 10-11). Plaintiff claims that the Agency participated in this scheme by, *inter alia*, "selling and assigning separate policy numbers for each vehicle in the household." (DN 9 at 14). According to Plaintiff, the Agency knowingly concealed and mispresented the existence of available UIM coverage to its client, deliberately obstructed efforts to obtain information about coverage, and participated in a plan to deny payments to the insured for its own profits.

State Farm removed this action under diversity jurisdiction. Because Plaintiff and the Agency are both citizens of Kentucky, there is no diversity on the face of the complaint. But State Farm and the Agency argue that the Agency's citizenship should be ignored under the doctrine of fraudulent joinder because, they argue, Plaintiff does not state a colorable claim against the Agency." (DN 13 at 18). On September 25, 2019, this Court granted Plaintiff's motion to remand. The Court found that Plaintiff had stated a colorable bad faith claim against the Agency. Now

before the Court is Defendant's timely filed motion for reconsideration. Upon careful consideration of the parties' submissions and being otherwise sufficiently advised, State Farm's motion for reconsideration is granted.

## Legal Standard

Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *E.g., Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F. 2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, 2013 U.S. Dist. LEXIS 52872, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013). The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 U.S. Dist. LEXIS 25240, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this Circuit put it, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 U.S. Dist. LEXIS 73664, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration

should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 U.S. Dist. LEXIS 29881, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

## Discussion

To correct a clear error of law and to prevent manifest injustice, the Court must grant State Farm's motion to reconsider. In its Opinion granting remand, the Court stated that *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94 (Ky.2004) is the most persuasive authority on this matter and that "*Davidson* sends conflicting signals and creates ambiguity on the issue of which 'persons' can be sued for bad faith under the UCSPA." (DN 37 at 10). *Davidson* is controlling on this matter but the interpretation expressed in the Court's Opinion is incorrect and contrary to the interpretation previously espoused by this Court, uniformly adopted by courts in the Western District of Kentucky, and affirmed by the Sixth circuit Court of Appeals. For this reason, the Court grants State Farm's motion to reconsider.

In *Daugherty v. Am. Express Co.*, this Court explained:

Plaintiff's response to Defendants' motion argues privity of contract is not the sole basis by which Defendants may be held liable, and that Defendants were engaged in the business of insurance for purposes of his bad faith claims. In support of his claim, Plaintiff cites to two cases: *Davidson*, 25 S.W.3d at 95, and *Western Leasing, Inc. v. Acordia of Ky., Inc.*, No. 2008-CA-002237-MR, 2010 Ky. App. LEXIS 81, 2010 WL 1814959, at *9 (Ky. Ct. App. May 7, 2010).

The portion to which Plaintiff cites in *Davidson* states: "We conclude that both the statute and the common law tort apply only to persons or entities engaged in the business of insurance . . . ." 25 S.W.3d at 95. Plaintiff argues that Defendants were engaged in the business of insurance, and can therefore be held liable. *However, Plaintiff's narrow interpretation of Davidson is incomplete*. The Kentucky Supreme Court stated that "the UCSPA was clearly intended to regulate the conduct of insurance companies." *Id.* at 96. Plaintiff ignores the Kentucky Supreme Court's statement that there must be a contractual obligation. *Id.* at 100 ("The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third party, with respect to a claim which the insurance company is *contractually obligated* to pay." (emphasis in original)).

In *Western Leasing*, the Kentucky Court of Appeals considered a case in which the trial court had determined that insurance brokers were not "engaged in the business of insurance" as that term is applied in the UCSPA. 202 Ky. App. LEXIS 81, 2010 WL 1814959 at *9. The Kentucky Court of Appeals held that an insurance broker is an agent of the insured, and insureds are not subject to the UCSPA. *Id.* Plaintiff argues that this case supports his argument that Defendants may be held liable because they were engaged in the business of insurance, and were not insureds. The Kentucky Court of Appeals in *Western Leasing* also noted, however, that "[l]anguage in *Davidson*, while dicta, further suggests that only persons 'entering into contracts of insurance' may be considered to be engaged in the 'business of insurance.'" *Id.* (citing *Davidson*, 25 S.W.3d at 98; *Accord Ky. Nat. Ins. Co. v. Shaffer*, 155 S.W.3d 738, 742 (Ky. Ct. App. 2004 ("[W]e find compelling the Court's unequivocally firm holding [in *Davidson*] that, in the absence of a contractual obligation to pay, there can be no action for bad faith.") Accordingly, the Court finds that *Western Leasing* does not support Plaintiff's claim.

The Sixth Circuit has also acknowledged that privity is necessary for liability under Kentucky common law bad faith claims. *See Torres v. Am. Employers Ins. Co.*, 151 F. App'x 402, 410 (6th Cir. 2005) ("A proper synthesis of these cases produces an undeniable understanding that Kentucky common law bad faith arises in the insurance context only when a privity relationship exists between claimant and the insurance company.").

*The Court finds that Kentucky case law clearly acknowledges that a contractual obligation must exist in order to find a party liable under the UCSPA or the common law duty to act in good faith.*

No. 3:08-CV-00048, 2010 U.S. Dist. LEXIS 120367, 2010 WL 4683758 (W.D. Ky. Nov. 12, 2010). This reasoning is relevant to the case now before this Court and is persuasive. Furthermore, the Sixth Circuit affirmed this decision on appeal. *Daugherty v. American Express Company*, 485 Fed. App'x 746 (6th Cir. 2012). This Sixth Circuit decision is controlling on this matter and therefore the Court shall grant State Farm's motion to reconsider.

In *Madison v. Nationwide Mut. Ins. Co.*, this Court again explained that "[a]bsent a contractual obligation between the parties, there can be no cause of action for bad faith." No. 1:11-CV-157-R, 2012 U.S. Dist. LEXIS 27906, 2012 WL 692598 (W.D. Ky. Mar. 2, 2012) (citing *Wittmer v. State Farm Mut. Auto. Ins. Co.*, 864 S.W.2d 885, 890 (Ky. 1993)). This Court recognized that although the Kentucky Supreme Court's analysis in *Davidson* "was seemingly narrow, the court's interpretation of the UCSPA extends to situations beyond self-insureds or uninsured." *Id.* at 2. Therefore, this Court explained, there was "no doubt" that the *Madison* plaintiff was barred from bringing a bad faith claim against an adjuster where the required contractual obligation to pay was lacking. *Id.* The Court held: "Because no contractual obligation exists between [the plaintiff] and the insurance adjuster in the present case, [the plaintiff] has fraudulently joined [the adjuster] and may not maintain a bad faith cause of action against him." *Id.* Applying this reasoning to the case now before the Court, it is evident that Plaintiff does not have a colorable claim against the Dotson Agency because no obligation to pay exists between the Agency and Plaintiff.

Other courts in the Western District of Kentucky have considered this issue and, relying on *Davidson*, have uniformly held that a plaintiff may not sue an insurance adjuster absent a contractual obligation. *See Wolfe v. State Farm Fire & Cas. Co.*, No. 3:10-CV-545-H, 2010 U.S. Dist. LEXIS 126215, *5 (W.D. Ky. Nov. 30, 2010) ("This Court finds that both law and reason

point to the improbability of Kentucky courts holding insurance adjusters individually liable for claims under the [UCSPA] . . . ."); *Fulkerson v. State Farm Mut. Auto. Ins. Co.*, No. 3:09-CV-392-S, 2010 U.S. Dist. LEXIS 50115, *3 (W.D. Ky. May 20, 2010) ("In [UCSPA] terminology a claims adjuster would not be found to be 'in the business of insurance,' as the adjuster is not a person 'engaged in the business of entering contracts of insurance.'"); *Lisk v. Larocque*, No. 3:07-CV-718-S, 2008 U.S. Dist. LEXIS 40303, *4 (W.D. Ky. May 19, 2008) ("[U]nder *Davidson* a claims adjuster with no contractual obligation to pay claims cannot be sued in Kentucky for bad faith."); *Brown v. A.I.N., Inc.*, No. 3:08-CV-30-H, 2008 U.S. Dist. LEXIS 23714, *8 (W.D. Ky. Mar. 25, 2008) ("[U]nder *Davidson* an adjuster cannot be sued in Kentucky for bad faith."); *Malone v. Cook*, No 05-551-C, 2005 U.S. Dist. LEXIS 24962, *2 (W.D. Ky. Oct. 25, 2005) ("Absent a contractual obligation, an insurance adjuster cannot be liable for common-law or statutory bad faith.").

Upon consideration of this Court's prior decisions, relevant case-law in the Western District of Kentucky, and Sixth Circuit case-law, the Court holds that it must grant State Farm's motion to reconsider in order to correct a clear error of law and prevent manifest injustice. The prior Opinion in this case contradicts the Sixth Circuit Court of Appeals' decision in *Daugherty v. American Express Company*, 485 Fed. App'x 746 (6th Cir. 2012). Therefore, the Court will reconsider the issue of fraudulent joinder. The parties have already fully briefed the issue. The Court will take those submissions under consideration once more. Simply put, the Court believes its previous reasoning and conclusion was improper and a stretch of the applicable case law in the Western District and the Sixth Circuit.

**Order**

For the foregoing reasons, **IT IS HEREBY ORDERED,** State Farm's motion to reconsider (DN 38) is **GRANTED.** This Court's Memorandum Opinion & Order granting Plaintiff's motion to remand and denying as moot Defendant's motion to dismiss is hereby **VACATED.** The Court will reconsider the parties' submissions and determine whether remand or dismissal are appropriate in this case. **IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 15, 2019

CC:     Counsel of Record.